## OKLAHOMA RY. CO. v. MORRIS.

No. 3754.    Opinion Filed Sept. 22, 1914.

(148 Pac. 1032.)

**REWARDS—Right to Receive—Public Officers.** It is contrary to sound public policy for a peace officer, acting within his jurisdiction and within the scope of his authority and line of duty, to receive rewards, other than the compensation allowed by law, for making arrests, whether such arrests be made during the hours when he was on or off duty.

(Syllabus by Harrison, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by J. W. Morris against the Oklahoma Railway Company, for a reward. Judgment for plaintiff, and defendant brings error. Reversed.

*John W. Shartel* and *Burke Shartel,* for plaintiff in error.

*Giddings & Giddings,* for defendant in error.

Opinion by HARRISON, C. This was an action by J. W. Morris against the Oklahoma Railway Company to recover a reward of $500 which defendant company, during a strike on its lines, had offered for the arrest and conviction of parties unlawfully and feloniously interfering with its property, or for unlawfully and feloniously assaulting its employees. Morris was a peace officer in the secret service department of Oklahoma City. On May 7, 1911, while riding on one of the company's cars, the conductor was assaulted by one Dickson. Morris arrested Dickson, who was tried and convicted. Whereupon Morris demanded the reward. The company refused to pay, and Morris brought suit and obtained judgment for the full amount of the reward, and from such judgment the railway company appeals upon three principal propositions, to-wit: First, that there was a mistake in the published offer of reward, the offer reading, "unlawfully and feloniously assaulting," and the publication reading, "unlawfully or feloniously assaulting"; second, that at the time plaintiff made the arrest he was a peace officer, acting within the scope of his duties, and as such he was not entitled to recover; third, for the prejudicial errors in the admission of evidence.

Consideration of the first and third propositions is unnecessary if Morris was not entitled to recover by reason of being a peace officer acting within the scope of his

duties and within his jurisdiction at the time the arrest was made. It is not denied that he was a peace officer in the secret service department of Oklahoma City, nor that the assault and arrest were made within his jurisdiction as such peace officer, but it is contended that he was not on duty at the time the arrest was made, his hours of duty being from 6:45 a. m. to 3:00 p. m., and the assault .having been committed and the arrest made after he had gone off duty, and that, being off duty, he was entitled to the reward as an individual, and not as a peace officer in the discharge of his duties. The doctrine that a peace officer is not entitled to a reward for making an arrest within his jurisdiction and within the scope of his duties as such peace officer has long been settled by the courts of this country and of England, on the ground of public policy. The rule is stated in 34 Cyc. 1753, as follows:

"From an early day it has been established, and continues to be the rule, that an agreement to pay money to a sheriff or other public officer for doing what he ought to do is void and against public policy. Accordingly a public officer, such as a sheriff, constable, or policeman, is not entitled to a reward offered for the arrest or conviction of a criminal, when the service performed is within the scope or line of the duties of such officer. It makes no difference that the services were rendered at a time when the officer was not on duty, and that the crime for which the arrest was made was committed in another county of the state."

Decisions from most of the states of the Union and from the United States Supreme Court and from England, are cited in support of this text. The same doctrine is announced in 24 Am. & Eng. Enc. of Law (2d Ed.) 952, as follows:

"It is well settled, upon the ground of public policy, that a public officer cannot accept an offer of reward for the performance of any act or service which it is his duty to perform. * * * It is equally well settled that a public officer may accept an offer of reward for acts or services which are not within the scope of his duties."

Under note 4, page 953, *Id.*, a list of cases is cited as furnishing illustrations of the application of the above-stated principle, among which is *Smith* v. *Gentry*, 45 S. W. 515, 20 Ky. Law Rep. 171, 42 L. R. A. 302, in which it was held that a police officer is not entitled to a reward for an arrest made within his jurisdiction; also *Thornton* v. *Missouri Pacific R. Co.*, 42 Mo. App. 58, wherein it was held that a police officer was not entitled to a reward for the arrest of a person injuring property which it was such officer's duty to protect; *Day* v. *Putnam Ins. Co.*, 16 Minn. 408 (Gil. 365), holding that such officer is not entitled to a reward for the arrest and conviction of persons whom it is his duty to arrest; *In the Matter of Russell*, 51 Conn. 577, 50 Am. Rep. 55, holding that such officer is not entitled to a reward in such cases, though the arrest was made while the officer was off duty; also *Lees* v. *Colgan*, 120 Cal. 262, 52 Pac. 502, 40 L. R. A. 355.

The rule that a peace officer cannot receive a reward for an arrest made within his jurisdiction and within the scope of his duties and while he is on duty, that is, during his hours of duty, has become so universal, both in American and English jurisprudence, as to admit of no serious questioning. But the exact question as to whether such an officer can recover for an arrest made while off duty has not so frequently been before the courts, The case of Russell, 51 Conn. 577, 50 Am. Rep. 55, *supra*, a leading case, is one of the earliest cases, so far as we have

been able to find, in which this question has been squarely passed upon, and in discussing this proposition the court said:

"If the law were otherwise, and especially if it were as the claimants in the present case seem to suppose, any police officer of a city, who, while 'off duty,' should discover an incendiary setting fire to a building or a burglar breaking and entering a dwelling house, or any wicked and evil-disposed person committing a felony of any * * * kind within the city limits, would be entitled to demand and recover a reward. * * * And upon the same principle a policeman might, without breach of official duty, withhold from his superior officers the information so obtained because it was obtained while he was 'off duty,' and might thus shield criminals of the worst description from prosecution and punishment. Such a principle cannot receive the sanction of a court of justice. A policeman who, whether on duty or off duty, obtains, within the territorial jurisdiction of the police department, information which will lead to the conviction of perpetrators of crime therein is bound without other compensation or reward than that given by the law, to communicate it to the chief of police or the officer acting in his position in order that the criminals may be prosecuted and be made to suffer the penalties due to their crimes. To withhold such information would be a flagrant breach of duty, and should subject the delinquent policeman, if to no greater punishment, to summary expulsion from office."

In the case of *Davies v. Burns,* 5 Allen (Mass.) 349, a customs inspector, though off duty at the time of the discovery, was denied the right to a reward for information leading to a conviction for smuggling. In the body of the opinion, after reviewing the facts of the case and the contentions of the parties, the court said:

"But upon the broader ground of public policy the plaintiff cannot maintain his action. At the time he found

the smuggled goods, he was an officer of the customs of the United States, and, although not in discharge of a specific duty assigned to him, was acting in the service of the government, as a volunteer, in assisting the inspectors who had charge of the steamer, and upon whom the duty of examining the passengers and their baggage devolved. His only right to be present and interfere with the passengers at all was by virtue of his official position. He acted as revenue officer; and, so acting, it was his duty to detect, if possible, and expose any violation of the revenue laws, without other compensation than that * * * attached to his office. * * * It is against public policy to allow a man to recover a reward for doing his duty as a public officer; and, upon the facts agreed, there must be judgment for the defendants."

As to the general rule, aside from the fact that such doctrine has been voiced by so many courts and the rule followed in so many jurisdictions, we believe it to be both sound as a matter of law and salutary as a matter of principle. It is true that some learned jurists have taken the view that the object of such rewards is to spur officers to greater vigilance and to induce them to more extraordinary efforts, but we are not inclined to this view. The compensation provided by law, the oath of office, and his sense of duty, should be sufficient incentive to an officer to do his duty without the necessity of an occasional "tip" in order to brighten his vigilance and enliven his energies. Nor do we see any sound reason for a distinction in the application of the rule whether the officer be on or off duty. The same menace to public policy which bars his right of recovery while on duty is lurking underneath the doctrine of allowing such reward for arrests made within his jurisdiction and within his scope of authority while off duty. We are not to be understood as holding that an officer should not be entitled to a reward

for an arrest made beyond his jurisdiction and for a crime committed in another jurisdiction. For, in such case, he is rendering a service and incurring a hazard not imposed by his oath of office. But for offenses committed within his jurisdiction or arrests made within same and within his scope of authority and line of duty, though for an offense committed elsewhere, we believe the efficient and effective enforcement of the law and the maintenance of its sound policies are better subserved by denying a recovery in such cases.

For these reasons, and in view of the foregoing authorities, we believe the defendant in error was not entitled to recover.

The judgment is reversed, and the cause remanded, with instructions to render judgment in accord with these views.

By the Court: It is so ordered.