# BECK v. SULSER.

No. 4575.    Opinion Filed June 15, 1915.

(150 Pac. 107.)

1.    ARREST—Authority—Constables.  Constables are empowered in this state to serve process, both civil and criminal, throughout the counties in which they hold office, and it is their duty to arrest and bring to justice all violators of the law. Rev. Laws 1910, sections 2069-2070.

2.    REWARDS—Right to Receive—Constables.  It is against public policy for a constable or other peace officer, acting within his jurisdiction and within the authority conferred on him by law, to receive rewards other than the compensation allowed him by law for making arrests.

(Syllabus by Devereux, C.)

*Error from County Court, Wagoner County;*

*Leon B. Fant, Judge.*

Action by George Sulser against Leonard Beck. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions to dismiss.

This action was instituted by the plaintiff below to recover the sum of $25 offered as a reward by the defendant below for the arrest of one Stanley Baker, who was charged by criminal complaint with the offense of disposing of mortgaged property in Wagoner county, and a warrant duly issued thereon, which was delivered to the defendant in error, who was a duly qualified and acting constable in Wagoner county. The defendant in error testified that he executed the warrant in Wagoner county by arresting Baker. On the trial the court charged the jury:

"You are further instructed that, if you believe from a preponderance of the evidence that the defendant, L. G.

Beck, offered to pay the plaintiiff, or see that there was paid to plaintiff, the sum of $25, if he would arrest said Stanley Baker, and that said Stanley Baker was arrested by the plaintiff, then it will be your duty to find for the plaintiff in the sum of $25."

There was a verdict and judgment for the plaintiff below, and the defendant brings error to this court by petition in error and case-made, assigning as error the giving of the above instruction.

*Judson J. Hughes,* for plaintiff in error.

*J. C. Pinson,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The assignment of error is well taken. In *Oklahoma Railway Co. v. Morris, ante,* 148 Pac. 1032, it is held:

"It is contrary to sound public policy for a peace officer, acting within his jurisdiction and within the scope of his authority and line of duty, to receive rewards, other than the compensation allowed by law, for making arrests, whether such arrests be made during the hours when he was on or off duty."

Rev. Laws 1910, sec. 2069, provides:

"All constables shall be ministerial officers in justices' courts in their respective counties, and civil and criminal process may be executed by them throughout the county under the restrictions and provisions of * * * law."

Section 2070 provides:

"It shall be the duty of every constable to apprehend on view or on warrant and bring to justice all disturbers and violators of the criminal laws of the state; * * * to serve all warrants, writs, precepts, executions and other process to him directed and delivered," etc.

The same question has been decided the same way by a long line of cases in other jurisdictions, but, as the case above cited, decided by this court, is directly in point, we do not cite them.

We recommend that the judgment be reversed, and the case remanded, with instructions to vacate the judgment and dismiss the action.

By the Court:   It is so ordered.