## MINERS' WHOLESALE GROCERY CO. et al. v. JENNINGS.

No. 13418—Opinion Filed March 4, 1924.

1. **Rewards—Right of Public Officers to Recover.**

A public officer, who performs services wholly without the scope of his official duties, is entitled to recover a reward offered for such services.

2. **Same—Liabilty to Pay Reward—Waiver of Conditions.**

One who offers a reward may waive a full compliance with the conditions of the offer and accept such performance as is satisfactory to him, and, this being done, he cannot defeat a recovery of the reward on the grounds that the conditions of the offer of the reward had not been complied with.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from County Court, Ottawa County; Q. P. McGee, Judge.

Action by U. S. Jennings against the Miners' Wholesale Grocery Company and L. D. Brooke. Judgment for plaintiff, and defendants bring error. Affirmed.

Jess A. Harp, for plaintiffs in error.

Frank Nesbitt, for defendant in error.

Opinion by JARMAN, C. This was an action to collect a reward offered by the defendants for the recovery of a quantity of cigarettes that had been stolen. The trial resulted in a verdict for the plaintiff for the amount of said reward, on which judgment was rendered, and the defendants bring error.

L. D. Brooke was engaged in the mercantile business at Picher, Ottawa county, Okla., under the style of Miners' Wholesale Grocery Company. On July 5, 1920, the store

of the defendants was broken into and about 90,000 cigarettes were stolen. The plaintiff alleges that the defendants offered a reward of $250 for the recovery of the cigarettes and $100 for the capture of the thieves; that the thieves were captured and convicted, for which the defendants paid the reward of $100; that the cigarettes were located in Joplin, Mo., and, through the efforts of the plaintiff, said property was recovered for the defendants.

The defendants, for their answer, deny that they are indebted to the plaintiff in the sum of $250 or any other sum, and allege that they paid the plaintiff the sum of $100 which was in full settlement of all offers of reward made for the recovery of said cigarettes, and, for further answer, the defendants allege that the plaintiff was a deputy sheriff of Ottawa county where said cigarettes were stolen, and that the contract, sued upon for recovery of the $250 reward, was made and entered into in Ottawa county, and that the services which the plaintiff rendered in locating the stolen property were rendered in Ottawa county, his jurisdiction, and within the scope of his duty as a public official.

The record discloses that the plaintiff was a deputy sheriff of Ottawa county; the goods were stolen in Ottawa county; the persons who stole the cigarettes were arrested in Ottawa county; the offer of the reward for the recovery of the stolen property was made in Ottawa county. The record further shows that the deputy sheriff procured information from one of the parties charged with larceny of these goods, who was then confined in the county jail at Miami in Ottawa county, that said goods were located in Joplin, Mo. After procuring this information, the deputy sheriff and the defendant, Brooke, went to Joplin to make a further investigation and locate said stolen property. After arriving at Joplin, the deputy sheriff called up the sheriff at Carthage, Mo., and he sent one of his deputies to Joplin to assist in locating and recovering the stolen property, and this deputy sheriff, that was sent from Carthage, and another deputy sheriff located at Joplin, went with the plaintiff and Mr. Brooke to the place in Joplin where the party in jail in Ottawa county directed the plaintiff to go, and there they located the man who had the stolen property. The cigarettes were not recovered, but the defendant, Brooke, accepted in lieu thereof, from the party who had the cigarettes, $720, which the plaintiff testifies the defendant, Brooke, told him was

to. pay for the cigarettes and to cover the reward of $250. After making this settlement, the defendant paid the plaintiff $100, and the plaintiff testifies that the defendant told him that he would pay the plaintiff the $250 within a few days. The record shows, further, that prior to obtaining the information which led to the location of the cigarettes, the plaintiff made several trips in Kansas and Missouri, attempting to locate the stolen property.

The defendants contend that the plaintiff cannot recover under this state of facts for the reason that the contract, the offer of the reward by the defendants and the acceptance of the offer, was made in Ottawa county, Okla., that a public officer cannot make a valid contract to receive remuneration for his services, which the law requires him to perform, other than the legal fees and charges provided by statute; that the services which the plaintiff rendered in locating the stolen property and the furnishing of information for the recovery of the stolen property transpired in Ottawa county, the jurisdiction of the plaintiff, and said services were rendered as a part of the duty entailed upon the sheriff as a public peace officer, and, therefore, said contract is void and against public policy and cannot be enforced.

It is a well settled rule that a public officer, such as a sheriff or a deputy sheriff, is not entitled to a reward offered for the arrest and conviction of a criminal, or for locating and recovering stolen property, when the services performed by such officer are within the scope or line of his official duties and within his jurisdiction. The compensation provided by law, the oath of office, and the proper conception of the performance of his duties should be suficient to impel any public officer to do his duty without exacting rewards from those who have been wronged and who seek redress therefor.

In this case, however, the plaintiff was not acting within his jurisdiction nor within the scope of his duty as a peace officer. He was not an officer in the state of Missouri, and his going to Joplin to recover, for the defendants, the stolen property was not in the discharge of any official duty on his part. The offer of this reward was a continuing one and the defendants permitted the plaintiffs to make this trip out of his jurisdiction, and permitted him to perform services, wholly without the scope of his duties as a public official, with the knowl-

edge that the plaintiff expected to be paid the reward that had been offered. If the desired results were obtained, and through the efforts of the plaintiff and the services rendered by him, out of his jurisdiction and without the scope of his duties as an officer, the defendant was enabled to recover their goods or the value thereof, and, in addition thereto, the amount of the reward they had offered.

There is another rule which is well settled which is as follows:

"When an officer performs the service for which the reward is offered by acts outside of the line of his duty, he is entitled to the reward." 34 Cyc. 175; 23 R. C. L. 1127, sec. 16.

This doctrine is adhered to by this court in the case of Oklahoma Ry. Co. v. Morris, 48 Okla. 8, 148 Pac. 1032, as follows:

"It is contrary to sound public policy for a peace officer, acting within his jurisdiction and within the scope of his authority and line of duty, to receive rewards, other than the compensation allowed by law, for making arrests, whether such arrests be made during the hours when he was on or off duty." Beck v. Sulser, 48 Okla., 187, 150 Pac. 107.

In the body of the opinion in the case of Oklahoma Ry. Co. v. Morris, supra, the court announced the rule, the principle of which is applicable here, as follows:

"We are not to be understood as holding that an officer should not be entitled to a reward for an arrest made beyond his jurisdiction and for a crime committed in another jurisdiction. For, in such case, he is rendering a service and incurring a hazard not imposed by his oath of office."

The defendants further contend that the plaintiff is not entitled to recover for the further reason that the stolen property, itself, was not returned to the defendants; that the reward was offered for the recovery and return of the stolen property. The record shows that the defendants were satisfied with the manner of the performance of the contract by the plaintiff, and, therefore, the defendants waived, as they had a right to do, the strict compliance with the conditions of the offer and cannot be heard to complain. The rule covering this situation is concisely and definitely announced in 23 R. C. L., at page 1128, sec. 17, as follows:

"Offers must, however, be liberally construed in the sense in which they are ordinarily understood and acted on and the purpose for which they are intended. And as in the case of any other contract one who of-

fers a reward may waive substantial compliance with the conditions of his offer and accept such performance as is satisfactory to him. One who offers a reward for the performance of a certain service may prescribe any terms he may wish, but as experience has shown that many persons are profuse in their promises and slow in meeting them, and are inclined to take advantage of mere technicalities in order to avoid carrying out their end of the agreement, courts have often held that substantial compliance with the terms is sufficient, especially where a literal compliance would be impossible.

There is no prejudicial error shown to have been committed in the case, and the judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.