## GOODENOUGH HORSE-SHOE MANUFACTURING CO. *v.* RHODE ISLAND HORSE-SHOE CO.

**ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.**

No. 665. Submitted October 15, 1877. — Decided November 5, 1877.

Until the record of a judgment in a state court which this court is called upon to examine discloses the question necessary to give it jurisdiction, this court cannot proceed.

MOTION TO DISMISS. The case is stated in the opinion.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The Rhode Island Horse-Shoe Company, a citizen of Rhode Island, sued the Goodenough Horse-Shoe Manufacturing Company, a citizen of New York, in the Supreme Court of the State of New York to recover an amount alleged to be due upon an account for goods sold.   Summons was served September 14, 1876, and October 5, 1876, judgment was rendered against the defendant upon default, in accordance with law and the practice of the court in such cases. The record of the judgment as sent here shows this state of facts and nothing more.

On the 9th of October the defendant moved the court to vacate the judgment, and in support of that motion produced affidavits tending to prove that on the 3d of October it had filed its petition for the removal of the cause to the Circuit Court of the United States.   No effort was made, however, to correct the record as it stood so as to disclose this fact.   This motion being denied the defendant below sued out this writ of error which the plaintiff now moves to dismiss for want of jurisdiction.

We can only reëxamine the final judgment in the suit, and for that purpose must look alone to the record of that judgment as it is sent to us.   If parts of the record below are omitted in the transcript we may by *certiorari* have the omissions supplied, but we cannot here correct errors which actually exist in the record as it stands in the state court.   For that purpose application must be made there, and, if necessary, upon sufficient showing we may remand the case in order that the court may proceed.

In this case the judgment was rendered October 5, and the record of the *judgment* stopped then.   What took place afterwards was nothing more than an attempt to avoid the judgment.   The facts which it is claimed give us jurisdiction appear only in the record of this subsequent proceeding, over which we have no supervision. If the defendant below desires to bring the case here it must take the necessary steps to correct the record, if in fact any error exists, so as to present the question it seeks to have decided.   It is unnecessary for us to determine how this may be done or whether the courts of the United States have authority to require the state court to act in that regard.   All we do decide is that until the record of the judgment we are called upon to examine discloses the question necessary to give us jurisdiction, we cannot proceed.

> *The motion to dismiss for want of jurisdiction is granted.*

*Mr. H. M. Ruggles* for plaintiff in error.

*Mr. Charles Tracy* for defendant in error.