### JOE M. LIGHTLE v. STATE.

No. A-55.    Opinion Filed May 1, 1909.

(101 Pac. 608.)

1.    INTOXICATING LIQUORS—Illegal Sale—Information. *Fletcher v. State,* reported in this volume and in 101 Pac. 599, reaffirmed, and the principles therein contained declared to be the settled policy of this court.

2.    SAME—Information—Alleging Name of Purchaser. In an indictment or information for a single act of selling intoxicating liquor the name of the purchaser must be given, or, if not known, that fact must be alleged. This, however, would not be the rule

in a prosecution for maintaining a nuisance or having possession of such liquors, with the intention of unlawfully disposing of them.

3. **EVIDENCE—Demonstrative Evidence.** Before liquors can be offered in evidence for the inspection of the jury, such liquor must be identified as having been in the possession and having been unlawfully disposed of by the defendant.

4. **APPEAL—Waiver of Errors.** All questions relied upon to secure the reversal of a conviction must be fully presented in the briefs of counsel for the defendant, or they will be considered as having been waived, unless they involve fundamental errors.

(Syllabus by the Court.)

*Appeal from Muskogee County Court; W. C. Jackson, Judge.*

Joe M. Lightle was convicted of violating the liquor law, and appeals. Reversed.

The charging part of the information is as follows:

"That the said Joe M. Lightle in the county of Muskogee, state of Oklahoma, on the 29th day of August, 1908, did knowingly and unlawfully sell and furnish intoxicating liquors, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The defendant demurred to the information upon the following ground: "Because said information does not state the name or names of the party or parties to whom said defendant sold or furnished intoxicating liquor." This demurrer was by the court overruled, to which the defendant reserved an exception. The defendant was found guilty, and his punishment was assessed by the jury at a fine of $300 and imprisonment in the county jail for 30 days. Motion in arrest of judgment and for a new trial were filed by the defendant, and overruled by the court, and the defendant was sentenced, as provided for in the verdict, to all of which the defendant excepted, and the case is now before us on appeal.

*S. M. Rutherford* and *Bailey & Kistler,* for appellant.
*Fred S. Caldwell,* for the State.

FURMAN, PRESIDING JUDGE. (after stating the facts as above). First. The case of *Fletcher v. State, ante,* p. 300, 101 Pac. 599, is conclusive as to the insufficiency of the information in this case upon the ground that it does not allege the name of the person to whom the liquor was sold, or allege that such name was unknown.

Second. It was proven upon the trial that the defendant had sold at wholesale some kind of liquor to a witness named Banks, which Banks was selling at retail.

J. M. Brucker, being sworn for the state, testified as follows: "By Mr. Crump: Q. Is your name J. M. Brucker? A. Yes, sir. Q. Are you a deputy sheriff of this county? A. Yes, sir. Q. Do you remember you and I went to Bud Banks' and got some stuff there? A. Yes, sir. Q. What was it captured there, Mr. Brucker? A. There were several brands. One didn't have any label on it at all, and one was Adams' Special. Q. How much did we get that was not labeled? A. Nearly three barrels and a half. Q. What was that unlabeled stuff? A. I would call it beer. Q. Did you drink any of it? A. Yes, sir. Cross-examination: By Mr. Rutherford: Q. Did you analyze that? A. No, sir. Q. How much did you drink? A. Part of a glass. Q. Just tell by the taste and color? A. Yes, sir. Redirect examination: By Mr. Crump: Q. Can you tell beer when you drink it? A. Yes, sir."

The following then occurred:

"Bud Banks, being first duly sworn, testified as follows: Direct examination: By Mr. Crump: Q. Is this the kind of stuff you were selling there (county attorney exhibiting to the witness a bottle)? A. Yes, sir. Mr. Crump: I desire to introduce this in evidence. Mr. Rutherford: We object for the reason that it has not been identified that the stuff that is in evidence here is the same stuff that the defendant was selling. For the further reason that it is improper testimony to go before a jury, as tending to experiment before the jury and in turn make witnesses of the jury. By the Court: Q. Do you know that's the stuff or character of stuff sold at your place that you bought of Mr. Lightle or not? A. No, sir; Adams' Special is all I know. (Objection overruled. To which ruling of the court the defendant excepts. County attorney hands bottle to the jury for ex-

amination.) Cross-examination: By Mr. Rutherford: Q. Is that bottle in the same condition it was when you first saw it in Mr. Crump's hands? A. The label has been scratched. Redirect examination: Mr. Crump: Q. Do you know what was on the label before it was scratched? A. ——— Mr. Crump: I will state to the court that there was a name on there. Mr. Rutherford: I object to that. Mr. Crump: I will take the stand and state what was on it. Mr. Rutherford: We object to Mr. Crump's remarks before the jury, and their examination and smelling and tasting of the contents of the bottle before first proving to the jury that the same bottle in evidence was taken from the place on which the raid was made. By Mr. Crump: Q. I believe you said you bought the stuff that was captured there from Joe Lightle? A. Yes, sir. Cross-examination: By Mr. Rutherford: Q. Mr. Banks, what has been done with that bottle during this trial? A. Scratched the writing off and passed it to the jury to examine. Q. Did the jury examine it? A. Yes, sir. Q. Is it in their hands? A. Yes, sir; they are passing it from one to another. Q. Did any of them smell of it? A. Yes, sir. Q. Do you know what that bottle contains? A. No, sir."

There is not, in the record, except inferentially, any evidence that the bottle which was exhibited to the jury was one of the bottles captured on the raid on Banks' place of business. On the contrary, the witness Banks was asked by the court: "Do you know that's the stuff or character of stuff sold at your place that you bought of Mr. Lightle or not?" The witness answered positively: "No, sir; Adams' Special is all I know." If this bottle had been one captured in the raid on Banks' place, it could and should have been identified as such. This would have rendered the introduction of the bottle admissible and have removed all of the objections made to its introduction as evidence. See *Reed v. Territory*, 1 Okla. Cr. 481, 98 Pac. 583, decided by this court. Our views upon this question, and the authorities which support these views, are fully presented in Reed's Case. We will adhere to the rule there announced.

But, before such evidence is admissible the bottle must be clearly identified and traced to the defendant. For want of such

2 Cr.—22

positive identification the court erred in admitting the bottle sub-mitted to the jury in this case. If the identification of the bottle had been complete as being one of those captured in the raid on Banks' place, then the action of the court would have been correct.

Other exceptions were saved at the trial, but, as they are not presented in the brief of counsel for the defendant, and as they do not relate to fundamental matters, we will not discuss or decide them. Counsel must fully present all questions relied up-on in their briefs, or they will be held to have been waived, unless they relate to fundamental questions involving the jurisdiction of the court. Jurisdictional questions as to the subject-matter cannot be waived by counsel. A defendant cannot by consent, confer jurisdiction of the subject-matter of an offense. Therefore we will consider questions involving jurisdiction of the subject-matter whether briefed or not. All other questions must be briefed.

For the reasons given the conviction of appellant was illegal, and the judgment against him is remanded, with directions to the county court of Muskogee county to set aside the judgment of conviction and sustain the demurrer to the information.

Reversed and remanded.

BAKER and DOYLE, JUDGES, concur.