BILL McRAE v. STATE.

No. A-1502.    Opinion Filed January 13, 1913.

(129 Pac. 71.)

1. **TRIAL—Motive—Evidence—Limitation.** Where the motive of a person for going to a certain place or for doing a certain act is material, it is permissible to show the reasons for the presence of such person at such place or for committing the act which is the subject of inquiry; but, where such evidence is admitted, the jury should be clearly instructed by the court as to the reason for which it was received and should be prohibited by the court from considering it for any other purpose.

2. **INTOXICATING LIQUORS—Seizure—Motive of Officer.** Where the motive of an officer for making a seizure of intoxicating liquors is not an issue in a case, it is improper to allow him to state any information which he had received and upon which he acted in making such seizure.

3. **APPEAL—Review—Hearsay Evidence.** Where hearsay evidence has been received which reasonably contributed to a verdict of guilty, the reception of such evidence does not constitute harmless error, but will be ground for reversal.

4. **CONSTITUTIONAL LAW—Due Process of Law—Conviction on Hearsay Evidence—Suspicion.** A conviction based upon hearsay evidence or upon suspicion is not obtained by due process of law and is contrary to the Constitution of this state and also to the Constitution of the United States.

(Syllabus by the Court.)

*Appeal from Superior Court, Grady County;*
*Will Linn, Judge.*

Bill McRae and Bob Powell were jointly prosecuted for having possession of intoxicating liquors for the purpose of unlawfully disposing of them. Powell was convicted and sentenced to pay a fine of $500 and be confined six months in the county jail, while McRae was found guilty and punishment assessed, at a fine of $50 and 60 days' confinement in the county jail, and he appeals. Reversed.

*A. L. Herr,* for appellant.

*Smith C. Matson* and *C. J. Davenport,* Asst. Attys. Gen., for the State.

FURMAN, P. J. Upon the trial of this cause G. W. Featherstone, a deputy sheriff of Grady county, testified that he was acquainted with appellant and one Bob Powell; that on the 20th day of May, 1911, he had occasion to make a certain search of a room in the Scotty rooming house in the city of Chickasha. He then testified as follows:

"Q. What was the cause of your making the search? By Counsel for the Defendants: Objected to, if the court please, for the reason that it is incompetent, irrelevant, and immaterial. (Which objection was then and there by the court overruled, and the defendants duly saved an exception.) A. Why, we had had complaints. By Counsel for the Defendants: Wait a minute. We move to strike out the answer of the witness as incompetent, irrelevant, and immaterial and purely calls for hearsay testimony. (Which objection was then and there by the court overruled, and the defendants duly saved an exception.) Q. What was the cause of your making the search? A. We had information that they were handling beer and whisky up there in some of those rooms— it is the annex of the Scotty rooming house up there. Q. Who was? By Counsel for the Defendants: Objected to, if the court please, as incompetent, irrelevant, and immaterial, because it clearly shows hearsay testimony. By Counsel for Plaintiff: It is offered, if your honor please, to show the motive of Mr. Featherstone in making this search. By the Court: I will overrule the objection, gentlemen. (To which ruling of the court the defendant then and there duly saved an exception.) Q. You had information that who was handling beer there, Mr. Featherstone? A. Well, that the defendants here were seen going and coming up

and down the stairs there. Q. From where? By Counsel for the
Defendants: Defendants now move the court to strike out the
answer of the witness for the reason that it is not responsive
to the question, and for the further reason that the testimony
given is incompetent, irrelevant, and immaterial and wholly hear-
say testimony. (Which motion was then and there by the court
overruled, and the defendants duly saved exception.)  Q. The
defendants were going and coming from where to where?  A.
They were going from and coming to this Scotty rooming house
there, and they were in business on the corner of Third street and
Kansas avenue."

The court doubtless admitted this testimony upon the theory
that the county attorney had the right to show the motives of the
officers in making the raid. Where the motive of any person, be
he officer or not, for going to any place or for doing any act, is
material, it is always admissible to show the reasons for the pres-
ence of such person at such place or for doing the act which is the
subject of inquiry. Where such evidence is admissible, the jury
should be clearly instructed by the court as to the reasons why
it was received and should be prohibited by the court from consid-
ering it for any other purpose. The announcement by the county
attorney of the purpose for which the testimony was offered was
not alone sufficient. The motive of the officer was not in issue
in this case and had not been in any manner attacked. Neither
were the jury instructed as to the purpose for which this testi-
mony was admitted. It was purely hearsay and did not come
within any of the exceptions admitting such evidence. The per-
sons who gave the officers the information described should have
been summoned as witnesses and placed upon the stand and sub-
jected to cross-examination, so that the jury might have been able
to determine as to whether or not these statements were based
upon their own personal knowledge or were merely a matter of
rumor or suspicion. If hearsay of this kind were admissible as
evidence, no man, however innocent, would be safe, and any
man might be convicted of an offense with which he was not in
any manner connected. Section 15 of Williams' Const. Okla. pro-
vides:

"No person shall be deprived of life, liberty or property with-
out due process of law."

No one will contend that a conviction based upon hearsay and suspicion constitutes due process of law. Even if this provision were not in our Constitution, the fourteenth amendment to the Constitution of the United States is as follows:

"No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

Under this provision no state or court has the right to deprive any person of life, liberty or property except in a lawful manner and upon lawful evidence. It is true that the admission of illegal testimony does not necessarily deprive a defendant of due process of law, because the other testimony in a case might show that it did not affect the results; but where illegal evidence is admitted which is material in its character and which goes directly to the question at issue, and where the record shows that such evidence reasonably contributed to a verdict of guilty, then such a conviction cannot be said to have been obtained by due process of law. This is the condition of the record now before us. The hearsay evidence admitted was material and directly involved the pivotal points in the case, and without this testimony the jury might well have returned a verdict of acquittal. We cannot therefore say that the introduction of this evidence was harmless error.

The judgment of the lower court is therefore reversed, and the cause is remanded for a new trial.

ARMSTRONG and DOYLE, JJ., concur.