## M. DE WITT v. STATE.

No. A-7543.   Opinion Filed Dec. 13, 1930.
(294 Pac. 215.)

Phillips & LaMore, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Seminole county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $100 and imprisonment in the county jail for a period of 60 days.

The evidence of the state was that the officers, having a search warrant, went to the premises of the defendant and there found three or four 10-gallon kegs of beer and one-half gallon of whisky, 12 crates of half-gallon fruit jars and a capper.

The defendant complains that the constables having the search warrant for service went outside of their precinct to serve the same.

Section 3451, C. O. S. 1921, provides:

"In serving process, either civil or criminal, and in doing his duties generally, when not otherwise restricted by law, the authority of a constable shall extend throughout the county in which he may be appointed; and in executing and serving process issued by a justice of the peace, he shall have and exercise the same authority and powers over goods and chattels and the persons of parties as is granted by law to a sheriff under like process issued from courts of record."

Under authority of this section, the jurisdiction of a constable in the service of civil or criminal process is coextensive with the county.

If a defendant desires to question the sufficiency of the affidavit or the search warrant, they should be introduced on a motion to suppress the evidence and copies of the same included in the case-made. In the case at bar they were not introduced, and the record therefore presents no question of their sufficiency, or the proper description of the premises to be searched.

No substantial error appearing upon the record, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.