## UNITED STATES v. REMINGTON.
### No. 374.

Circuit Court of Appeals, Second Circuit. April 10, 1933.

George F. Humphrey, of Albany, N. Y. (Daniel H. Prior, of Albany, N. Y., of counsel), for appellant.

Oliver D. Burden, U. S. Atty., of Syracuse, N. Y. (Roger O. Baldwin, Asst. U. S. Atty., of Syracuse, N. Y., of counsel), for the United States.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The defendant, Remington, was a federal prohibition agent assigned to work under the agent in charge of the Albany office of the Prohibition Bureau. In January, 1932, he participated with other agents in raiding a speak-easy belonging to one Bastian, who testified that six days later he gave Remington $200 and the latter promised to "lay off." The money which Bastian had for this purpose had been previously examined by government agents, who made a list of the numbers of the bills. Almost immediately after the alleged bribe was given, these same agents examined money in Remington's pockets and found $120 in bills bearing the numbers they had listed. Forty dollars of this sum was concealed in one of his gloves. In his own behalf Remington testified that he had received nothing from Bastian. He explained the presence of the money by the story that he had placed with Attorney Bloch a $5 bet on an unknown horse, and that later in the day Bloch told him the horse had won and paid over to him $123. Bloch denied it. The jury returned a verdict of guilty.

The appellant contends that the record contains no evidence of the crime charged in the indictment. This contention is possible because of a curious confusion in the record as to the indictment upon which the defendant was tried. The record contains copies of two indictments, one bearing the certificate of the clerk of the District Court, the other, without his certificate, being included by stipulation. The certified indictment charges that on January 20, 1932, the defendant accepted money from Henry Bastian and in consideration thereof agreed to omit the performance of certain acts pertaining to his official duties as an employee of the Bureau of Prohibition in the United States Department of Justice, appointed to enforce the National Prohibition Act (27 USCA § 1 et seq.). By way of inducement, the indictment explains that the defendant's agreement related to the suppression of evidence in a pending proceeding which resulted from a raid upon premises occupied by said Bastian at 424 Second avenue, Albany, N. Y., on January 14, 1932. The uncertified indictment is identical with the one just described except that its inducement refers to a raid on January 14, 1932, upon premises occupied by Bastian at 22 Clinton street, Albany. All the evidence related to a raid at the latter address; so far as appears, the premises on Second avenue were never raided. In consequence, the appellant argues that there is no evidence of the crime charged in the certified indictment, which, he asserts, we are bound to accept as the one tried.

■ If the clerk made an error, the appellee should have obtained a correction of the record by the court below. In re Wight, 134 U. S. 136, 10 S. Ct. 487, 33 L. Ed. 865; Lincoln Nat. Bank v. Perry, 66 F. 887 (C. C. A. 8). This court cannot change the record as it is sent to us. See Goodenough, etc., Co. v. Rhode Island, etc., Co., 154 U. S. 635, 14 S. Ct. 1180, 24 L. Ed. 368. We shall assume with the appellant that we must accept the clerk's certificate as to the indictment brought on for trial. However, the objection is, at best, only a matter of variance between pleading and proof. The substance

of the crime charged was the taking of a bribe to suppress evidence. This was obtained by a raid on January 14th upon premises occupied by Bastian. Whether the premises were located on Second avenue, as charged, or on Clinton street, as proved, was not material, unless the defendant was deprived of an opportunity to prepare his defense. Sharp v. United States, 138 F. 878 (C. C. A. 8); Meyers v. United States, 3 F. (2d) 379 (C. C. A. 2); Brady v. United States, 41 F.(2d) 449 (C. C. A. 7). He did not claim to be taken by surprise; no objection was made to the evidence, and no assignment of error was drawn to raise the question. Nor does he stand in danger of being tried again on the Clinton street indictment, for on a plea of double jeopardy extrinsic evidence is admissible to identify the crime of which a defendant has been convicted. Dunbar v. United States, 156 U. S. 185, 191, 15 S. Ct. 325, 39 L. Ed. 390. This court gives no countenance to a claim of variance not shown to have been prejudicial. United States v. Sprinkle (C. C. A.) 57 F.(2d) 968, 969; United States v. Busch (C. C. A.) 64 F.(2d) 27, opinion of April 3, 1933.

■ It is also urged that the appellant was not proved to be "an officer of the United States, or a person acting for or on behalf of the United States, in any official capacity, under or by virtue of the authority of any department or office of the Government," as the statute requires (Criminal Code, §. 117 [18 USCA § 207]). Heaton v. United States, 280 F. 697 (C. C. A. 2) is relied upon. The government frankly asks us to modify that decision. Other circuits have refused to follow it. Crinnian v. United States, 1 F.(2d) 643, 644 (C. C. A. 6); Biddle v. Wilmot, 14 F.(2d) 505 (C. C. A. 8); Dropps v. United States, 34 F.(2d) 15 (C. C. A. 8). The Attorney General now has statutory authority to appoint employees of the Bureau of Prohibition (46 Stat. 427 [27 USCA § 101 et seq.]). The present indictment alleges that the defendant was regularly appointed as an employee of the Bureau of Prohibition in the Department of Justice. In so far, therefore, as the Heaton Case rests upon a defect in the indictment, it is perhaps distinguishable; but it may well be doubted whether that decision can longer be deemed controlling, in the light of the Supreme Court decisions in Steele v. United States, 267 U. S. 505, 45 S. Ct. 417, 69 L. Ed. 761, and Maryland v. Soper, 270 U. S. 9, 46 S. Ct. 185, 70 L. Ed. 449. The defendant himself testified that he was a federal prohibition agent. So did several of the government witnesses. No objection was made that more formal proof of his appointment was not presented. In these circumstances the proof was sufficient.

■ The most serious attack upon the judgment is the refusal of the court below to allow cross-examination as to where Bastian got the money he said he paid Remington. Bastian testified that he borrowed the money but objected to telling from whom. Thereupon the following colloquy took place:

"Mr. Taylor: I have got a right to know the origin of the two hundred dollars. It is very much in issue here.

"Mr. Baldwin: If the Court please, I will object to it on the ground that it is incompetent if it is from anyone other than a Government official. If he borrowed it from anyone connected with the Government I am perfectly willing for him to tell.

"The Court: Yes, under the circumstances I think he is entitled to refuse to answer the question except you may inquire whether he got it from anybody connected with the Government service.

"Mr. Taylor: I don't care to ask him that question. I will take an exception to your ruling."

Had the defendant's counsel been allowed to ascertain from whom Bastian claimed to have borrowed the money, he might have called the alleged lender as a witness, and his denial of the loan, if he had denied it, would have discredited Bastian's testimony. Under the rule laid down in Alford v. United States, 282 U. S. 687, 51 S. Ct. 218, 75 L. Ed. 624, it is urged that the error in so limiting the cross-examination is fatal. But we do not think the rule should be pushed so far. Cf. United States v. Easterday, 57 F.(2d) 165 (C. C. A. 2). The purpose of the cross-examination denied to Alford was to open an inquiry as to possible coercion of a witness by the government. Here the defense was allowed to inquire as to any connection of the prosecution with the money. Whether the money came from any other source was irrelevant except to contradict and discredit Bastian. But if the jury believed the testimony of the agents as to finding on Remington's person the same bills which they had previously seen and listed while in Bastian's possession, it is not reasonably to be believed that further discredit of Bastian could have changed the result. The defendant's explanation of how he came by the money was a most improbable story, and was denied by Bloch. The case was so strongly proved that this error in limiting the cross-examination cannot have been prejudicial.

Although not persuaded of the soundness of the appellant's contentions, we gladly record our appreciation of the skill and fairness with which counsel has urged them. It is seldom that we hear a criminal appeal so admirably presented.

Judgment affirmed.