## STATE v. SANFORD.

No. A-11399.   Aug. 2, 1950.

(221 P. 2d 818.)

126

Robert O. Swimmer, Oklahoma City, for defendant in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for plaintiff in error.

JONES, P. J.  The defendant in error, Harry Sanford, was charged in the court of common pleas of Oklahoma county with the unlawful possession of intoxicating liquor. A motion to suppress the evidence was interposed in his behalf. At the conclusion of the hearing on the motion to suppress the evidence, the trial court

made an order sustaining said motion and the state has appealed upon a reserved question of law from such action of the court.

At the hearing on the motion to suppress evidence it was disclosed that a search warrant was issued by one of the justices of the peace in Oklahoma City for the search of premises located at 1334 S. E. 29th in Oklahoma City, which premises were outside of the city limits and therefore outside of the justice of the peace district but were within Oklahoma county. The warrant thus issued was delivered to the constable of said Oklahoma City district. The premises described in the warrant were searched by this constable and certain liquor was discovered as a result of the search and the charge of illegal possession of intoxicating liquors was filed against the defendant who was in possession of the premises.

At the conclusion of the hearing on the motion to suppress, the trial court stated that the question to be determined was, "Does the constable serving this search warrant have a right to serve this process outside of his elected district?" After thus stating the question, the trial court found that the constable did not have such right and that under the 1947 statute the Legislature has restricted constables in the serving of process to their elective district.

The question as thus stated and decided by the trial court is the only issue for determination in this appeal by the state and involves a construction of the statute pertaining to the duties of a constable, Tit. 39, O.S. 1941 § 602 as amended by the Sess. L. 1947, p. 299, § 1.

Prior to the amendment in 1947, the statute in question read:

"It shall be the duty of every constable to apprehend on view or on warrant and bring to justice, all disturbers

and violators of the criminal laws of the State; to suppress all riots, affrays and unlawful assemblies which may come to his knowledge, and generally to keep the peace in his county; to serve all warrants, writs, precepts, executions and other process to him directed and delivered either in person or by deputy; and to attend the trial of all cases in which he has served a warrant or a summons; and, in all respects, to do and perform all duties pertaining to the office of constable."

In construing this statute the Criminal Court of Appeals, in the case of DeWitt v. State, 49 Okla. Cr. 328, 294 P. 215 stated:

"In serving either civil or criminal process, the authority of the constable extends throughout the county in which he may be elected or appointed."

The Supreme Court of Oklahoma also stated in Beck v. Sulser, 48 Okla. 187, 150 P. 107:

"Constables are empowered in this state to serve process, both civil and criminal, throughout the counties in which they hold office, and it is their duty to arrest and bring to justice all violators of the law."

In 1947 House Bill No. 183 was introduced in the Legislature with the purported intention on the part of the author of said bill to restrict roving constables to their elective districts. The title to that bill as introduced read:

"An act relating to the functions, duties and powers of Constables, authorizing the service of civil process by them throughout the County and restricting their powers and authority to make arrests or service of criminal process other than subpoenas for witnesses in criminal cases outside of their respective districts, except as to service of criminal warrants on special order of the County Attorney, prohibiting Sheriffs or Jailers from confining persons delivered to them by Constables without process directing such confinement, and amending Sections 601-

602-607 and 608, Title 39, Oklahoma Statutes 1941, and declaring an emergency."

If the bill as introduced had passed the Legislature there would have been no question but that the constable in the instant case would have been without authority to have executed the search warrant. However, the bill as finally passed was rewritten, and instead of amending all of the various sections of Title 39 of the Oklahoma statutes pertaining to constables, it only amended § 602. The title to the bill as it was finally passed and approved by the Governor reads:

"An Act amending Section 602, Title 39, Oklahoma Statutes 1941, relating to the powers and duties of constables; and declaring an emergency."

Sections 601, 607 and 608 were left as they had been since statehood. Section 601 provides:

"All constables shall be ministerial officers in justice courts in their respective counties and civil and criminal process may be executed by them throughout the county under the restrictions and provisions of the law."

In order to more thoroughly understand the nature of the amendments contained in the 1947 act we set forth side by side the duties of the constable under the 1941 statutes together with the duties as conferred by the 1947 act in question. We have underscored the words in each act which do not appear in the other.

### 1941 Act

"It shall be the duty of every constable to apprehend on view *or on warrant* and bring to justice, all disturbers and violators of the criminal laws of the State; to suppress all riots, *affrays* and unlawful assemblies which may come to his knowledge, and *generally to keep the peace* in his county; to serve all

warrants, writs, *precepts,* executions and other process to him directed and delivered either in person or by deputy; and to attend the trial of all cases in which he has served a warrant or a summons; and, in all respects, to do and perform all duties pertaining to the office of constable."

### 1947 Act

"It shall be the duty of every constable to apprehend on view and bring to justice all disturbers and violators of the criminal laws of the State *within his district;* to suppress all riots, and unlawful assemblies which may come to his knowledge, and *arrest for felonies committed* in his county; to serve all warrants, writs, executions and other process to him directed and delivered either in person or by deputy; and to attend the trial of all cases in which he has served a warrant or summons; and, in all respects, to do and perform all duties pertaining to the office of constable."

By reading these two sections together it will be noted that the only place in the 1947 act which restricts the constable in the performance of his duties is in the first part of the act which says it shall be the duty of the constable "to apprehend on view * * * within his district". That part of the existing law which authorized the constable to serve all warrants, writs, executions, and other process delivered to him remained in force and effect. The decisions of this court and the Supreme Court have uniformly held that in construing this provision of the statute together with the other statutes pertaining to constables that the constable was authorized to serve warrants and other process anywhere within the county.

. Although it was the evident intention of the author of the 1947 act at the time the bill was introduced to restrict constables in making arrests or in serving process to their respective elective districts, the bill as it finally was passed by the Legislature only restricted the constable to where he could not arrest "on view" outside of his district. However, this restriction only applied to misdemeanors as the 1947 act further authorized the constable to arrest for felonies committed anywhere within the county.

It is our conclusion that the Attorney General is correct in his contention that constables may serve a warrant or other process directed to him by a justice of the peace anywhere within the county where the justice of the peace district is located, but that where he does not have a warrant of arrest he may not arrest for a misdemeanor committed outside of his elective district, even though such misdemeanor was committed in the view of the constable.

The judgment of the court of common pleas is reversed and the cause is remanded, with directions to proceed in accordance with the views herein expressed.

BRETT and POWELL, JJ., concur.