# ROUSEK v. STATE.

No. A-11349.   Feb. 28, 1951.

(228 P. 2d 668.)

Garrett & Garrett, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, J.  Joe Rousek was charged jointly with Joe Dush and Ernest E. Guthrie by information filed in the county court of Muskogee county with the offense of unlawful possession of five fifths, twenty pints, and twenty-four half pints of whisky.  First the charge against Joe Dush was dismissed, and later the charge against Ernest E. Guthrie was dismissed.

Before trial, the defendant filed and presented to the court a motion to quash the jury panel, a motion to quash the search warrant, a motion to suppress the evidence, and a motion for continuance, all of which motions were by the court overruled.

The defendant was tried before a jury, convicted and punishment left to the court, who fixed such punishment at ninety days in the county jail, and a fine of $300. Appeal has been duly perfected to this court.

Counsel for defendant set out and argue some twenty-one specifications of error.  The Attorney General has indicated that an answer brief will not be filed by reason of the strength of defendant's position.  This amounts to a confession of error.  We shall only treat the specifications decisive in this case, and that might arise again on a new trial.

It was stipulated that the jurors were not drawn or selected in accordance with the provisions of Session Laws 1949, of Oklahoma, page 279, S.B. No. 155, 38 O.S. Supp. §§ 18-32, but were drawn and selected in accordance with the provisions of Tit. 38 O.S.A. 1941 §§ 1 to 17. There is no necessity to treat this proposition in that it appears that the jurors in Muskogee County are now drawn and selected in accordance with the later provision of law, and this question would not arise again on new trial.

On hearing of the motion to quash and motion to suppress, the affidavit forming the basis for the search warrant was not introduced in evidence and neither was the search warrant. The burden of establishing the matters complained of rested on the defendant, and in the absence of the affidavit for search warrant being reflected in the record, we are unable to consider the sufficiency of the affidavit.

On trial the county attorney over the objection of the defendant erroneously introduced the search warrant in evidence, and read the same to the jury. This constitutes reversible error in that it was a denial of the defendant's constitutional right of confrontation. Ellington v. State, 52 Okla. Cr. 344, 5 P. 2d 407; Edwards v. State, 90 Okla. Cr. 211, 212 P. 2d 150; Seay v. State, 93 Okla. Cr. 372, 228 P. 2d 665; Robbins v. State, 93 Okla. Cr. 363, 228 P. 2d 663.

It is complained that the search warrant was insufficient as having been issued on "probable cause" and not on positive averment that the property (liquor) to be seized was in the place to be searched, and could not lawfully authorize a search to be made at night and

that the motion to quash should have been sustained. The search warrant reads:

(Omitting the caption)

"In the Name and by the Authority of the State of Oklahoma:

"To Sheriff, Constable, Marshal, or Policeman in Muskogee County, Oklahoma, or his duly appointed and authorized deputies:

"It appearing to me from the verified complaint of one Walter D. Bolton filed herein, that there is probable cause to believe that certain intoxicating liquor, the sale of which is prohibited by law, is being stored, sold, given away, and otherwise furnished and is being kept for the purpose of being sold, given away, and otherwise furnished within said County and State in kind and quantity as follows, to-wit: Wine, Beer, Whisky and Other Intoxicating Liquors, and imitations thereof and substitutes therefor, the exact quantity thereof being unknown.

"That said liquors are being disposed of and kept by one Joe Rousek and John Doe whose more full and correct name is to affiant unknown, in the manner aforesaid, on the following described premises, situated in Muskogee County, Oklahoma, within said County and State, to-wit: 'Room located at back of and behind Marley Baxter's barber shop, said barber shop being located at 108—A East Okmulgee Avenue, in the city of Muskogee, Muskogee County, Oklahoma, and being known as Ritz Barber Shop; aforesaid room having entrance opening and facing east on alley which runs north and south between Broadway and Okmulgee, in said City of Muskogee; together with the curtilage thereof and the appurtenances thereunto belonging. That said building and premises are being used as a place of public resort and for the furnishing and storage of intoxicating liquor.'

"You are therefore commanded, in the daytime or night, to make immediate search of said premises de-

scribed, and to seize all intoxicating liquors there found, together with the vessels in which it is contained and all implements, furniture and fixtures used or kept for such illegal storing, selling, giving away, or otherwise furnishing said intoxicating liquors, and safely keep the same and make return of said warrant within three days.

"In Witness Whereof, I have hereunto set my hand this 18th day of February, 1949.

"John D. Gulager,
"Judge County Court."

While the warrant is not a model, we conclude that it substantially complies with the statutory provisions, Tit. 22 O.S.A. § 1230; Tit. 37 O.S.A. § 84.

It is contended that the court erred in admitting certain incompetent evidence. Specifically, objection was made to the court admitting as evidence the testimony of state's witness Walter D. Bolton, who testified that he was the investigator for the county attorney's office of Muskogee county, and that the day preceding the raid made upon the premises at 108-A East Okmulgee avenue, Muskogee, he purchased a pint of whisky at that address from some person whom he did not know, but who was not the defendant, but who stated to witness that his name was "Jake" and gave him his telephone number as 41. It was then sought to show by the telephone directory that the defendant's telephone number was 41, and that his address was 110 East Okmulgee, a different address than the place raided.

It is elementary that testimony of statements made by a third person out of the presence of the accused, is hearsay and inadmissible. This would also be true even though the "Jake" in question was the codefendant Joe or Jake Dush. 22 C.J.S., Criminal Law, § 673, p. 1064; Sanders v. State, 43 Okla. Cr. 69, 277 P. 605.

Complaint is made of the admissibility of evidence concerning the alleged possession of defendant of a federal retail liquor dealer's license. Before this evidence would have been admissible it was necessary for the state to show to whom the license was issued, and the period of time which it covered. Unless issued to defendant for the period of time herein involved, the objection to the evidence should have been sustained. Tucker v. State, 9 Okla. Cr. 555, 132 P. 689; Trotter v. State, 77 Okla. Cr. 368, 141 P. 2d 812.

This court in many cases has held that hearsay evidence is inadmissible, and where the evidence offered is such that it contributes to the finding of a verdict of guilty to the prejudice of defendant's rights, it will not be held to be harmless error. Edwards v. State, 85 Okla. Cr. 125, 186 P. 2d 333; McRae v. State, 8 Okla. Cr. 483, 129 P. 71.

The prosecution was permitted over the objection of the defendant to introduce in evidence the pint of whisky purchased by the county investigator, Bolton, from some unidentified person named "Jake" at 108-A East Okmulgee Avenue, Muskogee, the night prior to the raid on the room at that address, said pint not being inventoried in the charge for which the defendant was tried, and not having been in the possession or control of defendant. This was error under the state of facts presented by the record. Evidence of sales or attempted sales may be shown in prosecution for possession of liquor with intent to illegally dispose thereof. Richerson v. State, 43 Okla. Cr. 293, 278 P. 356; Hill v. State, 3 Okla. Cr. 686, 109 P. 291; Buckley v. State, 69 Okla. Cr. 285, 102 P. 2d 619. And where such liquor was purchased immediately prior to the raid, as here, it may be admitted into evidence for the inspection of the jury,

372

but such liquor (as the other liquor involved), must be identified as having been in the possession and having been unlawfully disposed of by the defendant. Sturgis v. State, 2 Okla. Cr. 362, 102 P. 57; Lightle v. State, 2 Okla. Cr. 334, 101 P. 608.

The accused's control of the room in question might have been shown from the county deed records, assessor's records, from recorded lease, evidence of third person, owner, eyewitness having knowledge accused had charge of the room, paid the utility bills, possessed the key, etc.

The material errors herein are treated in detail in Seay v. State, supra, and Robbins v. State, supra, companion cases to this case, and it would serve no useful purpose to lengthen this opinion by further discussion.

The case is reversed and remanded for new trial.

BRETT, P. J., and JONES, J., concur.