ROBBINS·v. STATE.

No. A-11348.   Feb. 28, 1951.

(228 P. 2d 663.)

Chester Norman and Chal Wheeler, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.·

BRETT, P. J.   The plaintiff in error, Edmund "Speck" Robbins, was charged in the county court of Muskogee county, Oklahoma, on the 9th day of September, 1949, with the unlawful possession of intoxicating liquor, 15 fifths of whisky, 36 pints of whisky, 2 pints of gin and 2 half pints of gin.   He was tried by a jury, convicted, and his punishment fixed at 30 days in jail

and a fine of $50, and judgment and sentence entered accordingly. In disposing of this appeal it will not be necessary to discuss the contentions herein urged at great length. The Attorney General confesses the conviction could not be sustained for the reason that the search warrant was introduced into evidence in the state's case in chief, was read to the jury in argument and was thereafter delivered to the jury during its deliberation for their further examination, all of which was highly prejudicial to the rights of the defendant, for the reasons set forth in Edwards v. State, 90 Okla. Cr. 211, 212 P. 2d 150, 151, and numerous authorities therein set forth, wherein it was said:

"This court has repeatedly held that it is error for the court to permit the state to introduce the search warant as primary evidence where the recitals of such warrant are with reference to the essence of the offense charged. * * *

" 'The defendant did not take the witness stand; his character had not been placed in issue. The admission of the warrant placed the character of the defendant in issue which was highly prejudicial.

" 'So far as we are advised, this court has in every instance where such question has been raised, reversed the conviction of the accused and held the admission of a search warrant as independent evidence of defendant's guilt was prejudicial error. * * *'

"In the case at bar the defendant did not take the witness stand and make an issue of his character and reputation. The admission of the search warrant in the instant case was therefore highly prejudicial and constitutes reversible error."

This court has also held that it is error to read the search warrant to the jury in the state's case in chief since it constitutes a denial of the defendant's constitutional

right of confrontation. Ellington v. State, 52 Okla. Cr. 344, 5 P. 2d 407. Since a search warrant is not admissible in chief and it is not permissible to read it to the jury, it necessarily follows that sending it to the jury room for its further examination would likewise constitute reversible error. The prejudicial nature of the search warrant in evidence herein was most pronounced for it was issued by the trial judge, and recited "it appearing to me * * * that certain liquor * * * is being stored, sold, etc." The trial court's conclusions were bound to have carried great weight with the jury. · No doubt that was why they sent for it, to review what the trial judge said therein. For the foregoing reasons alone it is apparent that this conviction cannot be sustained and the judgment and sentence herein had must be reversed.

Second, the defendant contends the search and seizure was unlawful for the reason it was made by Richard McLemore, a constable of Nash Township in Muskogee county, and the warrant was served and the search made outside his district. This contention has been adversely disposed of in the case of State v. Sanford, 92 Okla. Cr. 125, 221 P. 2d 818, wherein we held that a constable could serve either civil or criminal process any place within his county under the provisions of Title 39, § 602, O.S.A. 1941, as amended by Laws 1947, p. 299, § 1.

The defendant makes other contentions which we do not deem to be of substantial merit. For the above and foregoing reasons, the judgment and sentence herein is accordingly reversed and this cause remanded for a new trial.

JONES and POWELL, JJ., concur.