## ROUTE v. STATE.

No. A-11499. Nov. 21, 1951.

(238 P. 2d 382.)

Harland A. Carter and E. M. Carter, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Owen J. Watts, Asst. Atty. Gen., for defendant in error.

POWELL, J. George Route was charged by information filed in the county court of Okmulgee county with the crime of possession of intoxicating liquor with the intent to sell, etc., was tried before a jury, convicted, and his punishment fixed at a fine of $50, and confinement in the county jail for 30 days. Appeal has been duly perfected to this court.

The record discloses that counsel for defendant filed a motion to suppress the evidence, but failed to introduce any evidence, in support thereof, or to introduce the affidavit for search warrant and the warrant for the consideration of the court, so that said motion was overruled. Thereafter the case came on for trial, and the defendant failed to testify, or offer any evidence, but the State offered the evidence of the county sheriff and two deputies.

Sheriff Kirby testified that he had been sheriff of Okmulgee county since in January, 1945, and that he had been acquainted with the defendant for about five or six years and that he signed the information charging defendant with the possession of intoxicating liquor, and that a search warrant was issued to him, but that the same was actually served by two of his bonded and commissioned deputies, C. W. Wells and Clede Cunningham, who searched the defendant's home for liquor.

C. W. Wells testified that he was a deputy sheriff in Okmulgee county, and at the direction of Sheriff Kirby he and Clede Cunningham, another deputy, went to the home of the defendant, George Route, on the 27 day of January, 1950, for the purpose of searching the place for whiskey, and that they had a search warrant. That they arrived at defendant's home about 7:45 in the evening, that defendant was present at the time of the search, that witness searched defendant's garage and discovered six pints of bonded whiskey, and that about the time he discovered it the defendant came in the garage and admitted that the whiskey belonged to him, and that witness directed the defendant to come to the county attorney's office the next morning, which he did.

Clede Cunningham testified substantially as Deputy Wells, stating that he saw Mr. Wells when he discovered the six pints of whiskey in the garage at defendant's place, and he testified that the whiskey was marked for identification and brought in to the sheriff's office. Witness further identified the whiskey, and it was introduced into evidence.

For reversal, counsel for defendant state: "Our sole contention in this case is that the verdict rendered in this case is not supported by the evidence." Counsel cite no cases, and failed to point out facts in support of such contention.

It is complained that the state did not offer in evidence the search warrant or affidavit in support thereof. Of course, it would have constituted reversible error for the state to have offered the affidavit or search warrant in evidence. Only the defendant could do that. Robbins v. State, 93 Okla. Cr. 363, 228 P. 2d 663; Seay v. State, 93 Okla. Cr. 372, 228 P. 2d 665; and Rousek v. State, 93 Okla. Cr. 366, 228 P. 2d 668, 669.

It is complained that the trial court erred in overruling the motion to suppress the evidence. As heretofore stated, the defendant failed to introduce any evidence in support of his motion, and this court has many times held that the

burden of proof is on the defendant where he files a motion to suppress the evidence on the ground that the search warrant and affidavit were not issued, served and returned according to law. Combs v. State, 94 Okla. Cr. 206, 233 P. 2d 314.

By the provisions of Tit. 37 O. S. 1941 § 82, the possession in excess of one quart of intoxicating liquor constitutes prima facie evidence of an intent to convey, sell, or otherwise dispose of such liquor. The question of the intent with which the liquor was possessed was for the determination of the jury. Defendant did not testify, and did not offer any evidence to show that the liquor in his possession was for his private use. The liquor was not found in defendant's residence, but hidden in his garage, the possession and actions of defendant, from the evidence, appearing furtive and not forthright. This court will not substitute its judgment for that of the jury where there is evidence reasonably tending to support the conclusions arrived at by the jury. Bisanar v. State, 93 Okla. Cr. 7, 223 P. 2d 795; Parker v. State, 91 Okla. Cr. 71, 216 P. 2d 340; Clasby v. State, 78 Okla. Cr. 45, 143 P. 2d 430; Tarver v. State, 82 Okla. Cr. 387, 171 P. 2d 269; Perry v. State, 83 Okla. Cr. 162, 174 P. 2d 388.

The judgment and sentence of the county court of Okmulgee county is affirmed.

BRETT, P. J., and JONES, J., concur.