**BUTLER v. UNITED STATES.**

No. 4432.

United States Court of Appeals,
Tenth Circuit.

June 11, 1952.

Rehearing Denied July 3, 1952.

562

William H. Lewis, Oklahoma City, Okl. (David Tant, Oklahoma City, Okl., on the brief), for appellant.

Robert E. Shelton, U. S. Atty., Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Demus Butler, was found guilty by a jury on all four counts of an indictment and received sentences on each count. Count One charged a conspiracy to violate the Internal Revenue Laws, particularly 26 U.S.C.A. § 2810. Count Two charged him, together with others also named in the conspiracy count, of having possession of a still intended for the manufacture of liquor, without having the same registered as required by 26 U.S.C.A. § 2810. Count Three charged him with engaging in the business of a distiller without having given bond as required by 26 U.S.C.A. § 2833, and Count Four charged him with making and fermenting mash fit for distillation of spirits of alcohol on premises not authorized by law, in violation of 26 U.S.C.A. § 2834.

It is contended that the trial court erred in overruling appellant's motion for dismissal of Counts Two, Three and Four. It is urged as to each of these Counts that they are so vague, indefinite, and uncertain that the judgment entered upon the verdict of guilty would not bar another prosecution for the same offense.

Count Two charged that from about the 24th day of April, 1951, to and including the 13th day of August, 1951, in Oklahoma County, in the Western District of Oklahoma, Demus Butler and the other defendants had "in their possession and under their control a still or distilling apparatus set up, designed and intended for use by them, * * * in the manufacture of distilled spirits * * *," the same having "not theretofore been registered with the District Supervisor, Alcohol Tax Unit, Bureau of Internal Revenue for District No. 11, as required by law, in violation of Section 2810, Title 26 U.S.C.A."

Count Three charged that from about the 24th day of April, 1951, until the 13th day of August, 1951, in Oklahoma County, in the Western District of Oklahoma, Demus Butler and the other defendants named therein "did engage and carry on the business of a distiller without having given bond as required by law, in violation of Section 2833, Title 26 U.S.C.A."

Count Four charged that from about April 24, 1951, to August 13, 1951, in Oklahoma County, in the Western District of Oklahoma, Demus Butler and the other defendants "did make and ferment mash fit for distillation or for the production of spirits or alcohol on premises other than those of a distillery authorized according to law, in violation of Section 2834, Title 26 U.S.C.A."

There is nothing vague or indefinite in the charges in these three counts. The nature of the offense, the place where it is alleged the offenses were committed, the period of time covered thereby, as well as the specific statutes which it was claimed appellant violated, are specifically set out. The exact time was not an essential ingredient of the offense charged in this case. Where time is not an essential element of the offense, it is sufficient to charge facts which show that the offense was committed within the statutory period of limitation and in such a case, even though there be a defect in the allegation as to time, it is one of form only.[1] So also it was not necessary to allege the exact place where the of-

1. Weatherby v. United States, 10 Cir., 150 F.2d 465; Hale v. United States, 5 Cir., 149 F.2d 401; Berg v. United States, 9 Cir., 176 F.2d 122; Ledbetter v. United States, 170 U.S. 606, 18 S. Ct. 774, 42 L.Ed. 1162.

fense was committed. Each count charged that the offense therein set out was committed in Oklahoma County in the Western District of Oklahoma. An indictment which charges that an offense was committed within a Federal District, without specifying a county or division, is sufficiently definite.[2] Appellant's contention that the charges are so vague and indefinite that he could not plead the judgment in this case as a bar to a subsequent prosecution for the same offense is not well taken. The charge in each of the counts, while necessarily general in its terms, clearly defines the nature of the offense, the approximate time when it was committed, and the place where committed. If a second prosecution were attempted, the entire record, including all the testimony as well as the pleadings, would be available to him to protect himself from such a prosecution.[3]

The further contention is made that the motion for an instructed verdict should have been sustained because of the insufficiency of the evidence. In addition to the counts set out above, Count One charged appellant and other defendants with a conspiracy to violate the Internal Revenue Laws of the United States by having "in their possession and under their control a still or distilling apparatus set up, designed and intended for use by them in the manufacture of distilled spirits, which said still or distilling apparatus had not been registered with the Collector of Internal Revenue for the District of Oklahoma as required by law; also in violation of Section 2833, Title 26 U.S.C.A., in that they would and did engage in and carry on the business of a distiller without giving bond as required by law; also in violation of Section 2834, Title 26 U.S.C.A., in that they would and did make and ferment mash fit for distillation or for the production of spirits or alcohol on premises other than those of a distillery authorized by law." A conspiracy is rarely susceptible of proof by direct evidence. Men do not ordinarily reduce their unlawful agreements to violate the law to writing or permit direct and positive evidence thereof to lie around. Ordinarily a conspiracy can be established only from the acts and conducts of the conspirators and the general inferences deducible therefrom,[4] and such evidence will be sufficient if it logically and consistently points to and supports the charge. So considered, we think the evidence is sufficient to support the charge. No attempt will be made to exhaustively analyze and set it out in detail. A concise summary thereof shows that appellant purchased a 550 gallon iron steel drum from John Henry Kinney for $35; that this barrel was stored in a garage in Oklahoma City; that at about 5:30 A. M. on May 11 appellant, together with John Henry Kinney, Robert Spotwood, another defendant, as well as a third person not recognized, came to the garage in appellant's truck, loaded the barrel in the truck, and hauled it out in the country. Federal officers followed the truck to within one mile of appellant's farm road. Later the officers returned and saw the place where the barrel had been unloaded. There was direct testimony by Kinney that he, appellant, and Spotwood loaded the barrel in appellant's truck, hauled it to the country, unloaded it, and rolled it into the bushes, and then came back to town. Kinney also testified that appellant asked him to cut a hole in the barrel and weld a spout on it, which he did, and that appellant was present when this work was done. The still was found in operation on the farm of Henry Lee. There is evidence that appellant was in contact with Henry Lee and other defendants; that he was seen at Lee's farm a number of times. On one occasion he stopped in the road in front of his house

2. Burk v. United States, 4 Cir., 179 F.2d 305; Lowrey v. United States, 8 Cir., 161 F.2d 30; Leonard v. United States, 6 Cir., 18 F.2d 208.

3. Capone v. United States, 7 Cir., 56 F. 2d 927; United States v. Remington, 2 Cir., 64 F.2d 386; Koa Gora v. Territory of Hawaii, 9 Cir., 152 F.2d 933;

Connors v. United States, 158 U.S. 408, 15 S.Ct. 951, 39 L.Ed. 1033.

4. Madsen v. United States, 10 Cir., 165 F.2d 507; Wilder v. United States, 10 Cir., 100 F.2d 177; Bartlett v. United States, 10 Cir., 166 F.2d 920; Parnell v. United States, 10 Cir., 64 F.2d 324.

and honked his horn and Lee came out to the road where they held a conversation. There is also evidence that he discussed sugar with Lee before the still was seized and that he promised to deliver at least three 100 pound sacks of sugar to Lee and that on several occasions he bought sugar in 100 pound sacks. Lee testified that appellant had agreed to deliver to him four 100. pound sacks of sugar but never delivered it. He further testified that he supposed the still was to be placed on his farm, because of the sugar he was to get. There are other evidence and circumstances tending to support the charge that appellant acted in concert with other defendants in maintaining and operating a still in violation of law, but the above recital is sufficient to sustain the judgment and verdict based thereon.

■ Reversible error is assigned on the following question asked of Otis E. Dale, a Government witness, "Now, when did you learn, Mr. Witness, that Butler was on a deal to get materials to shape a still?", on the ground of hearsay. The question was preliminary for the purpose of fixing the time when the witness' attention was called to appellant's activities. It does assume a fact on which at that stage there was no evidence to support it. However, subsequently all the direct evidence relating to appellant's activities in connection with the steel barrel, converted into a still, were laid before the jury. This complied with appellant's counsel's demand that "If he was making negotiations, bring in the witness with whom he negotiated." In this respect the case differs from McRae v. State, 8 Okl.Cr. 483, 129 P. 71 and similar cases upon which appellant relies. In light of the entire record, we are of the view that the jury based its conclusion of appellant's guilt upon the direct evidence showing his connection with the still and not upon an inference drawn from this preliminary question asked to challenge the witness' attention to the date on which he learned of appellant's activities.

■ Finally, it is contended that the trial court erred in refusing to give appellant's tendered instructions (a) and (b) set out below.[5] While perhaps over-emphasizing factors favorable to appellant, no particular objection can be found with proffered instruction (a). It was the duty of the trial court to properly instruct the jury as to the elements constituting the crime of conspiracy. It was not, however, required to instruct in the language offered by the litigants or outline all possible factual situations which would fail to show one's connection with a conspiracy. It is obvious that mere association with conspirators in matters not connected with the unlawful undertaking does not make one a conspirator, even though he may know that an unlawful undertaking is in the making by those with whom he associates. The trial court correctly told the jury the factors that must be present to constitute a conspiracy. It told the jury that "The crime of conspiracy is two or more persons combining or confederating with the purpose of committing a public offense." This would inform any person of ordinary intelligence that to be guilty more was required to make one a conspirator than mere innocent association with one, although knowing that such a one was engaged in unlawful activities. It is only when he associates with

---

5. (a) "One associating with conspirators with knowledge that they contemplate doing an illegal act does not make one a co-conspirator, unless he knowingly enters into the conspiracy and assists the other in furtherance thereof, and unless the Government proves to your entire satisfaction and beyond a reasonable doubt that the defendant knowingly entered into the conspiracy as charged, and did some act in furtherance thereof, then it will be your duty to return a verdict of 'not guilty' notwithstanding the fact that he might have had knowledge that others contemplated doing some illegal act."

(b) "You are instructed that in all cases, the testimony of conversations should be cautiously received. As a rule, testimony of conversations are incapable of contradiction. They are seldom anything more than vague impressions of a witness of what he thinks he heard another say—stated in his own language, without the qualifications or restrictions, the tone, manner or circumstances, which attended their original explanation."

the conspirator for the purpose of committing a public offense that he becomes a member of the conspiracy. We think the trial court's instructions were adequate and fully advised the jury as to what it must find in order to find appellant guilty of the offense of conspiracy.

Appellant's instruction (b) was properly refused. To state that conversations "are seldom anything more than vague impressions of a witness of what he thinks he heard another say * * *." is not a correct statement of the probative value of such evidence.

We find no reversible error in the record and the judgment appealed from is therefore Affirmed.