**Robert PIERCE, Plaintiff in Error,**

**v.**

**STATE of Oklahoma, Defendant in Error.**

**No. A-12080.**

Criminal Court of Appeals of Oklahoma.

Jan. 5, 1955.

Goins & Smith, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant, Robert Pierce, was charged in the County Court of Carter County with the unlawful possession of intoxicating liquor, was tried, convicted and sentenced to pay a fine of $50 and to serve a term of 30 days in the county jail.

Only two witnesses testified in the trial, James Woodley, a deputy sheriff, for the State, and the defendant in his own behalf.

Woodley testified that on July 29, 1953, armed with a search warrant, he made a search of the home of defendant near Healdton and found in the upper compartment of the refrigerator in the place known as the deep freeze, two pints of whiskey, two one-half pints of whiskey and four half pints of gin; that the bottles of liquor were frozen in the ice box and were covered with a layer of ice and had to be pried loose with a butcher knife.

Defendant testified that he was not in the whiskey business and had never sold intoxicating liquor; that he had an arrested case of tuberculosis and the doctor had advised him to drink intoxicating liquor mixed with honey, and that the intoxicating liquor which was found had been in his ice box for over a month and was for his own personal use.

During the testimony of the officer, the search warrant was identified and over the objection of defendant was admitted in evidence as a part of the State's case and the admission of this evidence is assigned as error.

In Seay v. State, 93 Okl.Cr. 372, 228 P.2d 665, it was held:

"It is reversible error for the court to permit the state to introduce the search warrant as primary evidence where the recitals of such warrant are with reference to the essence of the offense charged."

See also Rousek v. State, 93 Okl.Cr. 366, 228 P.2d 668, and Robbins v. State, 93 Okl. Cr. 363, 228 P.2d 663. In the instant case the only issue for the determination of the jury was the question of the intent with which the liquors were possessed. The search warrant which was admitted in evidence set out that one Enoch Watterson had made proof by affidavit that Robert Pierce had the possession of certain intoxicating liquors for the purpose of sale at certain described premises in Carter County and among other things it recited that the said Watterson had sworn that the premises were a place of public resort; that persons frequented the premises at all hours of the day and night; that persons had been seen to come from said premises in an intoxicated condition and that said premises bore the reputation of being a place where intoxicating liquors might be purchased; that lawful search had been theretofore made of said premises while they were under control of defendant and intoxicating liquor was found etc. These statements in the warrant certainly were prejudicial to the accused. Probably the affidavit used to secure the warrant was on a printed form with all the various allegations printed thereon, but to read to the jury the contents of a warrant making the above recitations would certainly cause them to believe that the accused was engaged in the whiskey business in violation of the law.

It is further contended that the court erred in overruling the motion to suppress evidence for the reason that the search was made of the home of defendant. This contention may not be sustained as it is provided by statute that a private residence may be searched under a warrant where such residence is being used as a place for storage of intoxicating liquors or is a place of public resort. 37 O.S.1951 § 88. The affidavit for the warrant is not incorporated into the record other than being typed into the warrant. If counsel wished to attack the sufficiency of the affidavit, it should have been incorporated into the record. If the allegations of the affidavit were in the same language as those set forth in the warrant, then they were sufficient to show that the home of defendant was being used as a place of storage for intoxicating liquors and was also a place of public resort which would have formed a sufficient basis for the issuance of the search warrant for the residence of accused.

Since it is apparent that this case will have to be reversed on account of the erroneous admission of the warrant in evidence, we suggest that if the case is retried, the trial court should give an instruction on defendant's theory of the case, towit: that the possession of intoxicating liquor for one's own personal use is not a violation of the law. Crosby v. State, Okl. Cr., 257 P.2d 847; Thomas v. State, 70 Okl. Cr. 404, 106 P.2d 836; King v. State, 81 Okl. Cr. 278, 163 P.2d 248. No such instruction was given in this case and none was requested. No assignment of error based on this omission was made. But to insure a fair trial and the affirmance of the judgment in case of a conviction, such an instruction should be given upon another trial.

The judgment and sentence of the County Court of Carter County is reversed and the case remanded for new trial.

POWELL, P. J., and BRETT, J., concur.