Charles Ray WATT, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–15696.

Court of Criminal Appeals of Oklahoma.

July 14, 1971.

Carroll Samara, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Paul Ferguson, Asst. Atty. Gen., for defendant in error.

NIX, Judge:

Plaintiff in error, Charles Ray Watt, hereinafter referred to as defendant, was convicted by jury verdict in the District Court of Oklahoma County, Case No. CRF–69–668, with Unlawful Possession of Marihuana, After Former Conviction of a Felony, and sentenced to 15 years imprisonment. Judgment and sentence in accord with the verdict was imposed on November 4, 1969, and this appeal perfected therefrom.

Briefly stated, the evidence establishes that on March 26, 1969, at approximately 9:45 P.M., the defendant drove an automobile [1] into the parking lot of a club

---

I. Defendant was not the owner of the automobile, but there is no question that he has standing to object to an unlawful search of the vehicle. Bumper v. North

Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697.

in Oklahoma City and was exiting the car as a police car pulled in behind him. The officers testified the car driven by defendant had no tag light and that they were making an arrest for this traffic violation. While defendant talked with one officer, another officer approached the unoccupied car and searched it for weapons. Upon searching the vehicle the officer uncovered what appeared to be two hand-rolled marihuana cigarettes between the seat cushion and back cushion of the front seat. The cigarettes were not in clear view and were revealed only after an intrusive search by the officer. This evidence was admitted along with testimony relating thereto over defendant's objection and after overruling defendant's motion to suppress on the basis of an unlawful search.

Defendant contends the evidence was obtained by an unlawful search and was therefore inadmissible. The Attorney General agrees with defendant's position and confesses error. We concur in this view and commend the candor of the Attorney General.

Both the defendant and Attorney General rely on Fields v. State, Okl.Cr., 463 P.2d 1000 (1970), in which this Court found the search unlawful where a gun was found in the automobile glove compartment which was beyond the defendant's reach after he had exited the car stopped for no license tag light. Although noting that under proper circumstances an officer could search an arrestee for weapons, it was held in *Fields,* supra:

"Thus, in the instant case, there was no apparent justification for searching the glove compartment of the automobile since it was certainly not 'within [arrestee's] reach,' nor in plain view. * * * Since defendant had no access to the area searched, the search was not permissible or reasonable. * * *" 463 P.2d at 1004.

More recently, in Lawson et al. v. State, Okl.Cr., 484 P.2d 1337 (1971), involving an automobile search on a traffic violation, it was held:

"Ordinarily, a minor traffic violation will not support a search and seizure.

" * * *.

"Search incident to arrest is unreasonable if there is a lack of relation between the search and the offense for which the arrest was made.

"On arrest for a traffic violation there is no lawful predicate for a search of the driver or the vehicle absent special circumstances where the officer has probable cause to search the area in which the arrestee may reach for a weapon or to destroy evidence of the crime for which he is arrested. A search exceeding these limits is constitutionally unreasonable and the fruits thereof inadmissible."

■ The facts in the instant case fall within the rule of the *Fields* and *Lawson* decisions as constituting an unlawful search. There were no special circumstances warranting a search for evidence of the offense for which defendant was arrested nor for weapons. Defendant was outside the automobile and the area searched was clearly beyond his reach. It was thus a general exploratory search, not incident to the traffic arrest and without probable cause.

■ Accordingly, the results of the unlawful search are inadmissible as well as the testimony concerning same. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081. Excluding the results of the unlawful search, there was no competent evidence to support a conviction and the judgment and sentence must be reversed.

Furthermore, recognizing that absent this vital evidence, a conviction cannot be obtained, the case is reversed and remanded with instructions to dismiss.

BUSSEY, P. J., and BRETT, J., concur.