Clift DANIELS and Andrew James,
Plaintiffs in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–16099.

Court of Criminal Appeals of Oklahoma.

Sept. 2, 1971.

Don Anderson, Public Defender, for plaintiffs in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Clift Daniels and Andrew James, herein-after referred to as defendant Daniels and defendant James, were charged, tried, and convicted in the District Court of Okla-homa County for the offense of Robbery by Force. Their punishment was fixed at twenty years imprisonment, and from said judgments and sentences, a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial adduced that on March 6, 1970, Herbert Hyde registered at the Hudson Hotel in Oklahoma City, Oklahoma, shortly after noon, and was given room no. 323. He testified that two persons, whom he identi-fied in court as the defendants, came to his door and inquired if he could change a ten dollar bill, which he could not do. He di-rected them to the downstairs desk. He was taking a nap, when he was struck on the head; he did not see anyone who struck him, but testified that he recognized the voice of one of the assailants as the voice of one of the two who had earlier asked him to change the bill. He was hos-pitalized and later discovered that $25.00 which he had with him at the hotel, was missing.

Officer Harrison testified that he arrest-ed the defendants at Sheridan and Hudson Streets about 1:00 p. m. on March 7, 1970, after having obtained a description of the two persons at the hotel. They were taken to the police station, given a warning of their rights against self-incrimination, and

interrogated separately. Officer Delaughter assisted him in the interrogation. Each defendant was interrogated for a period of about 45 minutes, and both defendants admitted their participation in the robbery. They both signed a written statement to the effect that the robbery had occurred in substantially the same manner.

Defendant Daniels told the officers that he could not read. Officer Delaughter testified that the arrest and interrogation and signing of the confession was substantially the same as Officer Harrison had testified. In addition, he testified that he had learned the defendants lived in room no. 324 of the hotel, next door to room no. 323, which was occupied by Mr. Hyde.

Defendant James testified that he lived at the Hudson Hotel with defendant Daniels. He denied any knowledge of the robbery until the bell boy called him out of room no. 324 to Mr. Hyde's room, where he saw the latter on the bed bleeding about the head. Shortly before, he had heard a moaning in the room next door, and called the downstairs desk reporting this. He testified that he confessed to the officers because he was afraid and signed a written statement. He denied understanding what the statement was.

Defendant Daniels testified that he lived at the Hudson Hotel. He denied robbing Mr. Hyde, and asserted that his first knowledge of it was when someone came to his room and reported that a man had been beaten up. He was arrested the following day. He admitted that he confessed to the robbery to the interrogating officers, but did so because he was scared. He denied writing the name "Clift" at the bottom of the confession, but admitted writing the name "Daniels." He denied having gone to Mr. Hyde's room, asking to have a ten dollar bill changed.

█ The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

█ The final proposition contends that the punishment is excessive. We have repeatedly held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence, unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. From the foregoing statement of facts, we cannot conscientiously say that the sentence imposed shocks the conscience of this Court. Roberts v. State, Okl.Cr., 473 P.2d 264.

The record is free of any error which would justify modification or require reversal, and under such circumstances, we are of the opinion that the judgment and sentence should be, and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.