**Danny Rene WOODLEE, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–17887.**

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1973.

Frasier & Frasier, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Danny Rene Woodlee, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County for the offense of Robbery With Firearms. His punishment was fixed at a term of not less than five (5) years nor more than ten (10) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, John Zondor testified that on the 17th day of January, 1971 he was employed at Griff's Burger Bar located at 6131 East 21st Street in Tulsa. At approximately 10:00 p. m., he answered a knock on the back door. A man came in wearing a blue ski mask on his head, with a gun in his hand, and stated, "This is a stickup." (Tr. 25) The gunman ordered another employee, Jaime Malilong, into the freezer. He ordered Zondor to get the money from the cash register drawer. Zondor took the drawer from the cash register and, at the gunman's direction, placed the money in a white Republic National Bank bag. He next ordered Zondor to open the safe box. While Zondor was attempting to open the safe box, the man answered the telephone, which had been ringing, and said, "Yes, this is me." (Tr. 32) The man listened for about a minute and then hung up, telling Zondor to hurry up or he would shoot his friend. A customer walked in the front door and the gunman ran out the back door. He testified that he put approximately Ninety Dollars ($90.00) in currency in the bag.

Custodio Jaime Malilong testified that he was present at the cafe on the evening in question. His testimony did not differ substantially from that of Witness Zondor. After the gunman left the cafe, he called the police.

Officer Charles Sasser testified that at approximately 10:04 p. m. on the evening in question, he was patrolling in the 3300 block of East 21st Street when he received an armed robbery report on his radio. He started driving toward the scene of the crime and received a description of the gunman, the ski mask and the white money bag. As he approached Yale Avenue on 21st Street, he observed a 1960 Pontiac containing two males coming down the hill from Darlington. As the car passed him at a lighted intersection, he observed that a passenger in the Pontiac fit the description he received on the radio. The Pontiac was traveling approximately 30 miles per hour with a flat rear tire. He made a U-turn and stopped the Pontiac just past

the Yale intersection on 21st Street. He stepped outside of the police unit and yelled for the two persons to get out of the car. When neither occupant moved, he walked up to the vehicle and shined his light inside the car. He observed a box of .22-caliber cartridges on the front seat between the two men. He further observed a blue ski mask and a white money bag partially stuck under the seat of the passenger. A subsequent check of the money bag revealed that it contained Ninety-six Dollars and Thirty-three Cents ($96.33). He identified the defendant as the driver of the vehicle.

Officer John Uhles testified that he investigated the robbery at Griff's Burger Bar on the evening in question. He interviewed the two victims and broadcasted the description of the suspect. He further testified that at approximately 1:45 a. m. he found a .22-caliber revolver near the intersection of 21st and Darlington. He subsequently compared the fingerprints taken from the "Application For Purchase" form of the weapon with the known fingerprints of the defendant and was of the opinion that they were one and the same. The gun was further registered under the defendant's name.

The sole proposition asserts that "the warrantless search of defendant's automobile does not fall within one of the 'few specifically established and well delineated exceptions' in which a warrantless search is reasonable under the Fourth Amendment." We are of the opinion that this proposition is without merit. Officer Sasser had received information of an armed robbery and a description of the suspect. He observed a vehicle pulling away from the scene of the crime traveling on a flat tire. He observed that the passenger in the vehicle fit the description of the robber. Upon stopping the vehicle, he asked the occupants to get out. When they did not respond to his command, he approached the vehicle and shined his flashlight inside and observed a cartridge box, a blue ski mask and a white bag in plain view. In United States v. Booker, 461 F.2d 990 (1972), the Sixth Circuit Court stated:

"The District Court was of the view that probable cause did not exist to justify the warrantless search of the station wagon. We disagree. Flashing the flashlight in the rear of the car did not constitute a search of the car. United States v. Kim, 430 F.2d 58, 61 (9th Cir. 1970), and cases therein cited. Six inches of the rifle barrel was in plain view and was subject to seizure. Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). Since it would not constitute a search for the officer to observe objects in plain view in the automobile in daylight, it ought not to constitute a search for him to flash a light in the car as he was walking past it in the night season. In any event, if it was a search, it was reasonable under the circumstances. Terry v. Ohio, 392 U.S. 1, 21–22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)."

This Court has consistently held that where evidence was in plain view the act of a peace officer seeing such items did not constitute a search. See Mallard v. State, Okl.Cr., 490 P.2d 1383 (1971); Cheatham v. State, Okl.Cr., 483 P.2d 1172 (1971); and Beasley v. State, Okl.Cr., 476 P.2d 94 (1970).

In conclusion, we observe the record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.