**Mike REYNOLDS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. A–18118.**

Court of Criminal Appeals of Oklahoma.

June 13, 1973.

**1146**

Fred Cunningham, Finis C. Gillespie, Hobart, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Mike Reynolds, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Kiowa County, Oklahoma, Case No. CRF–72–41, for the offense of Possession of Marijuana with the Intent to Distribute. His punishment was fixed at ten (10) years imprisonment and a one thousand dollar ($1,000) fine. From said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Raymond Reed testified that on October 1, 1972, he was employed by the City of Hobart as a police officer; that at approximately 10:40 p.m. he and his partner, Officer James Christian, observed the defendant driving a 1963 white Oldsmobile with what appeared to be an improper license tag. The tag was bent in a manner that the year and name of the state did not show. Officer Reed pulled behind the defendant's car and turned on his red beacon. The defendant did not stop, so Officer Reed turned on his bright lights and his

spotlight. The defendant drove two blocks and stopped his automobile. As the defendant was stopping, Officer Reed observed the defendant "fumbling down in the floorboard of his automobile." The defendant then got out of his automobile and walked back to the passenger's side of the police car. As the defendant approached, he was staggering, off balance and his eyes were glassy and bloodshot. While Officer Christian placed the defendant under arrest for improper tag and advised him of his constitutional rights, Officer Reed walked to the driver's side of defendant's vehicle and shined his flashlight into the car through an open window. He observed an open beer can in the front seat and six plastic bags on the floorboard with a substance he believed to be marijuana. The defendant was then transported to the Kiowa County Jail.

James Christian next testified to substantially the same facts as Officer Reed testified.

Herb Henderson, Under Sheriff of Kiowa County, next testified to the chain of custody of the six plastic bags.

Sid Cookerly, Chief Agent, Narcotics Enforcement Division, Oklahoma State Bureau of Investigation, testified that he went to the Kiowa County Sheriff's Office the evening of October 1, 1972, and took a sample of each bag to test. He testified that the test results showed the substance in each bag was marijuana. Cookerly further testified that the size of the bags and the quantity of material in each bag indicated that the marijuana was packaged for sale.

The defendant did not take the stand nor offer any evidence in his behalf.

The defendant's first proposition asserts that the defendant's car was searched without probable cause and without a search warrant. We do not agree.

■ In the instant case the record reveals that Officer Reed's uncontradicted testimony was that the bags of marijuana were in plain view on the floorboard and clearly visible to him when he shined his flashlight into the automobile. This Court has consistently held that where the evidence was in plain view, the act of a peace officer seeing such items did not constitute a search. See Lloyd v. State, Okl.Cr., 505 P.2d 1364 (1973); Woodlee v. State, Okl. Cr., 505 P.2d 1366 (1973) and Battles v. State, Okl.Cr., 459 P.2d 623 (1969).

■ The defendant's second proposition asserts that there was no competent evidence to prove "the intent to distribute." In the case of Murphy v. State, 79 Okl.Cr. 31, 151 P.2d 69 (1944), this Court held in Syllabus 2:

"Where intent is necessary in the commission of a crime, it is a question for the jury, under all the facts and circumstances, of each individual case. It may be proved by direct or circumstantial evidence."

It is therefore our opinion that the "intent to distribute" is a fact question for the jury, to be submitted to them under proper instructions.

In the instant case, after a complete review of the record, we believe there was sufficient evidence to submit this question to the jury as the trial court properly did.

■ Defendant's third proposition asserts that the punishment is excessive. In the case of Daniels v. State, Okl.Cr., 488 P.2d 931 (1971) this Court stated:

". . . We have repeatedly held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case, and the Court of Criminal Appeals does not have the power to modify a sentence, unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court."

**1148**

After a study of the facts in the instant case, we cannot say that the sentence imposed shocks the conscience of this Court. The record does reveal the defendant is an indigent. Therefore, we believe justice would best be served by modifying the judgment and sentence to a term of ten (10) years imprisonment and as so modified, judgment and sentence is affirmed.

BUSSEY, J., concurs.

BRETT, J., specially concurs.

BRETT, Judge (specially concurring).

I concur in this decision because of the special circumstances which exist. Defendant relies on Watt v. State, Okl.Cr., 487 P.2d 961 (1971), and recites in his brief that the circumstances are almost identical. However, a reading of Watt v. State, supra, reveals an absence of intoxication. In the instant case the initial arrest was for an "improper tag," but when defendant alighted from the vehicle he appeared to stagger and possessed an unusual odor, which provided the officers with probable cause to believe he was under some type of intoxication. The first impulse was to believe the intoxication was the result of liquor, so the second officer looked into the vehicle to ascertain if an open bottle was on the seat. The officer found an open can of beer and assertedly saw the bags of marijuana. The record makes some reference to "a paper sack which was torn and wet and had clear plastic bags with some green substance inside." (Tr. 29) At the same time there is not sufficient testimony in the record for this Court to ascertain to what extent the paper sack entered the picture and whether or not the plastic bags could be seen without opening the paper sack. Consequently, considering the record before the Court, there is no evidence or testimony to contradict that of the arresting officers.

Therefore, I concur in this decision.