Donald Paul BELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18168.

Court of Criminal Appeals of Oklahoma.

July 2, 1973.

Don Anderson, Public Defender, Jay McCown, Legal Intern, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., Michael Cauthron, Asst. Atty. Gen., Daniel J. Gamino, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Donald Paul Bell, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, Case No. CRF–72–1262, for the offense of Grand Larceny, After Former Conviction of a Felony, his punishment was fixed at eight (8) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Clifford Voyne Pyle testified that in May 1972 he was employed for Chickamaw Construction Company as a building construction superintendent. He was in charge of the construction of the Sooner Road Apartments located at 5130 S.E. 29th Street, Del City, Oklahoma. On approximately May 19, 1972, he had an occasion to be in apartment # 47 and noticed the drapes were missing. The drapes were valued at approximately one hundred dollars ($100). He thereafter identified State's Exhibit No. 1 as being the missing drapes.

W. L. Kerlick testified that he was employed as a detective for the Oklahoma City Police Department. On May 23, 1972, he and his partner took Mary Ellen Rush to a house located at 4000 Post Road, Oklahoma City, Oklahoma, to get her a change of clothes. Upon arriving at the house, Officer Kerlick and his partner entered the house with Mary Ellen Rush. Inside the house she pointed to some curtains and stated that they were stolen out of an apartment house on S.E. 29th Street. Officer Kerlick then took the curtains down and asked Mary Rush to take them to the apartments where the curtains were stolen. She pointed out apartment # 47 located at the Sooner Road Apartments. Officer Kerlick identified State's Exhibit No. 1 as being the curtains he removed from the house.

Paul Brawdy testified he owned the house located at 4000 Post Road, Oklahoma City, Oklahoma, and identified the

defendant as the person who lived in his house during the month of May 1972.

Robert Genzler testified he lived next door to the house occupied by the defendant. He further testified that he moved into his house sometime in April or May 1972 and the defendant moved in the house next door shortly thereafter. He further testified that the defendant lived next door approximately one month.

Mary Ellen Rush testified that she was a codefendant in this case and had known the defendant approximately seven months. She further testified that she had lived with the defendant in a house located at 4000 Post Road, Oklahoma City, Oklahoma, and that she had a key to the house. Witness Rush then identified State's Exhibit No. 1 as the curtains that she and the defendant stole from the Sooner Road Apartments and hung up in the house occupied by her and the defendant. Witness Rush then testified to the same facts as Officer Kerlick concerning the seizure of the curtains on May 23, 1972.

The defendant did not take the stand nor offer any evidence in his behalf.

Defendant's first proposition asserts that the drapes were obtained by means of an unlawful search and defendant's motion to suppress should have been sustained.

The uncontradicted facts in this case reveals that Mary Ellen Rush lived in the house located at 4000 Post Road with the defendant; that she had a key to the house and apparently unrestricted accessibility to the house; that she took Officer Kerlick and his partner to this house on May 23, 1972, for the purpose of getting herself a change of clothes; that the curtains were in plain view when seized.

In the case of Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), the court stated:

". . . It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."

Also, see Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), and Woodlee v. State, Okl.Cr., 505 P.2d 1366 (1973).

■ It is our opinion that Officer Kerlick and his partner were at a place they had a right to be, due to the invitation by Mary Rush and that the seized curtains were in plain view of these officers and not the product of a search. Therefore the seized curtains were properly admissible as evidence.

■ Defendant next contends that the codefendant Rush's testimony was not corroborated. We have carefully reviewed all of the testimony in the instant case and find that witness Rush's testimony was sufficiently corroborated. Both witness Brawdy and witness Genzler testified the defendant lived in the house located at 4000 Post Road during the month of May. Witness Pyle testified that the drapes were stolen sometime between May 1st and May 19. Officer Kerlick testified that he seized the curtains from a house located at 4000 Post Road. In the case of Nation v. State, Okl.Cr., 478 P.2d 974 (1971) this Court stated in paragraph 4 of the Syllabus:

"If the accomplice is corroborated as to one material fact, or facts, by independent evidence tending to connect the defendant with the commission of the crime, the jury may from that infer that he speaks the truth as to all."

We therefore find this proposition to be without merit.

It is therefore our opinion that the judgment and sentence appealed from should be and the same is hereby affirmed.

BRETT and BUSSEY, JJ., concur.