Charles Paul **BALEDGE**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–76–7.

Court of Criminal Appeals of Oklahoma.

Sept. 7, 1976.

Rehearing Denied Oct. 4, 1976.

Milton Keen, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Annis Kernan, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant, Charles Paul Baledge, hereinafter referred to as defendant, was charged, jointly tried with a co-defendant Opal Jerry Oliver by the trial court after waiving jury trial, and convicted of the crime of Burglary in the Second Degree in the Cleveland County District Court, Case No. CRF–74–695. Punishment was assessed at a term of five (5) years under the direction and control of the Department of Corrections of the State of Oklahoma. From said judgment and sentence the defendant has perfected his timely appeal.

Briefly stated the evidence adduced at trial is as follows: Wallace R. Lale testified that he resided directly across the street from a house at 1229 Brookdale in Norman. At approximately 2:30 a. m. on November 6, 1974, he woke at the sound of a car door slamming and looked out his window and noticed an individual standing across the street in front of 1229 Brookdale. As he watched a pickup with a camper cover over the back appeared driving without lights and backed into the driveway of the house across the street. Lale watched as two individuals appeared to carry things between the house and truck, became suspicious and called the police. While making the call Lale observed the pickup depart, turning east on Robinson and so informed the police.

Norman Police Officer Olin Nystrom then testified that at 2:50 a. m. he was sent to 1229 Brookdale to investigate a possible burglary reported by a citizen. As he and his partner, Officer Walsh, who was in a separate patrol unit, proceeded to investigate they received a description of the pickup truck. Nystrom then proceeded to the residence where he noticed a side garage door standing open. He walked through the garage and then through an unlocked door leading into the house. As he entered he noticed that certain kitchen appliances had been removed. After checking the rest of the house he exited out the front door and noticed that a plate of glass on the door had been broken and that glass fragments were lying inside on the floor. Nystrom then radioed Walsh, who had remained behind at the intersection of the interstate and Robinson, concerning the condition of the residence and what he believed had been stolen. On cross-examination Nystrom stated that the front door knob could be easily reached through the broken plate glass.

Officer John Walsh then testified that on the way to investigate he observed the defendant's pickup traveling east on Robinson as he and Nystrom approached the I–

35 overpass. Walsh stated that the vehicle matched the description, pickup with camper, of the vehicle given by the dispatcher and was traveling in the direction reportedly taken by the suspect's pickup. Walsh immediately stopped the pickup whereupon the defendant emerged from the driver's side and stated that he had just left his girlfriend's house. Walsh further testified that at the time he saw the pickup there were no other vehicles in the area, that he had a clear view of Robinson, that he was only a mile away from 1229 Brookdale, and that he observed the vehicle about one minute after he received the description from the dispatcher. After stopping the defendant Walsh received a call from Nystrom informing him of articles that had possibly been taken from the home. Thereupon Walsh approached the truck and, shining his flashlight through the camper window, observed a dishwasher, oven and exhaust fan in the back of the pickup. The defendant and Opal Jerry Oliver were then arrested for suspicion of burglary.

Officer John King then testified that on the morning in question he inventoried the contents of the pickup and camper in the presence of Officer Walsh and the list of property included a dishwasher, oven, exhaust fan and trolling motor.

Arley McMillon then testified that he owned the home at 1229 Brookdale and that it was newly constructed, unsold and vacant on the morning in question. At approximately 4:00 a. m. he received a call from the police and went to the police station where he identified the articles taken from his house. He then went to the house and observed the broken plate of glass and glass fragments lying on the floor inside. McMillon further stated that in an attempt to further identify the dishwashing machine he compared the end of the hose attached to the machine to an end attached to the garbage disposal under the sink and they matched. McMillon testified that he gave no one permission to enter the residence on the morning in question, that the cost of the appliances and motor totaled about $575.00, and that although the house was normally unlocked during the day he was positive that he and his children locked all doors and windows on the night of November 5, 1974. The state then rested.

The defendant did not testify in his own behalf. Co-defendant Opal Jerry Oliver testified that on the morning in question he was at 1229 Brookdale looking for scrap lumber. When he first arrived he walked to the front door and noticed the glass broken. The hole was jagged and he did not attempt to open the door. He proceeded to the side garage door which was standing open, walked in the garage, noticed the utility room door ajar and entered the house. Oliver denied turning any doorknob, unlocking any latch or using any force at all to enter the house. Once inside he removed several kitchen appliances and took them to the defendant's pickup. The defendant did not help him remove or load the articles and did not get out of the pickup.

■■■ The defendant's first assignment of error urges that the trial court erred in failing to sustain the defendant's motion to suppress and other related motions for the reason that the apprehension, search and arrest were illegal. We must disagree.

In the instant case there was certainly reasonable cause for Officer Walsh to stop and detain the defendant's pickup. Walsh knew that there had been a possible burglary reported in west Norman and was on the way to investigate when he received a police report that a pickup with camper had been observed at the scene and was then traveling east on Robinson. Within a minute Walsh, who was at the intersection of I–35 and Robinson, observed a pickup matching the description driving east on Robinson at a spot approximately one mile from the reported burglary. It was very early in the morning and Walsh had seen only two or three vehicles in the vicinity and no other pickups. Under such circumstances it would have been unreasonable

and poor police work for Walsh not to have stopped the pickup and questioned the occupants. See *Williams v. State,* Okl.Cr., 373 P.2d 91, where we held that as a general proposition a peace officer may make reasonable inquiry of persons coming under his observation under circumstances which reasonably suggest that a crime had been committed.

Within a very short time after the pickup was stopped Nystrom reported to Walsh that a dishwasher, oven and exhaust fan were missing. Walsh then proceeded to shine his light through the camper window and observed similar items in plain view.

This Court on many occasions has held that the shining of a flashlight into an automobile to view what is in plain sight does not constitute a search. *Reynolds v. State,* Okl.Cr., 511 P.2d 1145, and *Woodlee v. State,* Okl.Cr., 505 P.2d 1366. Officer Walsh was then justified in seizing the articles and arresting the defendant. *State v. Baxter,* Okl.Cr., 528 P.2d 347, and *Duke v. State,* Okl.Cr., 548 P.2d 230. The defendant's first assignment is without merit.

■ The defendant's second assignment of error contends that there was insufficient evidence to justify a conviction of burglary in the second degree since the evidence in the case clearly shows that there was no "breaking". Again we disagree.

A review of the evidence shows that McMillon testified that on the night of November 5, 1974, he and his children locked the house. Officer Nystrom's testimony reveals that he discovered a plate glass on the front door had been broken from the outside and that the hole was located within easy reach of the inside doorknob. Articles taken from the home were found in the defendant's pickup, it being similar to that reported by Mr. Lale; and Lale saw two individuals carrying articles from the house to the truck. The above facts are sufficient to prove a prima facie case of burglary in the second degree. See *Cheatham v. State,* Okl.Cr., 483 P.2d 1172 and *Klinekole v. State,* Okl.Cr., 456 P.2d 623. The defendant further argues that he did not leave the truck and therefore took no part in the breaking and illegal entry. However, Mr. Lale stated he saw two individuals outside the truck. Clearly all the evidence presented by the state, both circumstantial and direct, adequately proves a prima facie case that the defendant accomplished the breaking and entry personally or as an accomplice. *Pollard v. State,* Okl.Cr., 528 P.2d 1121. The defendant's second assignment is without merit.

The defendant's last assignment urges that he was denied a proper preliminary hearing because the evidence presented by the officers was the result of an illegal arrest, search and seizure. We have already discussed the merits of this argument above. The arrest and seizure were quite legal and there was no search. The defendant's last assignment is also without merit.

From an examination of the record as a whole it is apparent that the defendant received a fair and impartial trial, no material right was prejudiced and the judgment and sentence appealed from should be and the same is hereby AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.