Donald Ray SINGLETON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–872.

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1977.

Rehearing Denied Sept. 7, 1977.

Terry L. Meltzer, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Duane N. Rasmussen, Legal Intern, for appellee.

OPINION

PER CURIAM:

Appellant, Donald Ray Singleton, hereinafter referred to as defendant, was charged, tried by jury and convicted in the District Court, Tulsa County, Case No. CRF–76–153, of the offense of Knowingly Concealing Stolen Property, in violation of 21 O.S.1971, § 1713. Defendant was sentenced to serve one (1) year in the Tulsa County Jail and to pay a fine in the amount of Five Hundred ($500.00) Dollars. From said judgment and sentence a timely appeal has been perfected to this Court.

The testimony at trial revealed that on November 10, 1975, Roy Lee Hall returned home from work at about 5:30 p. m. and found the door to his apartment open. Upon examination of the premises Mr. Hall discovered that his television was missing. He was able to identify the television because he had previously scratched his name and address in the top right hand corner on the back of the set. Mr. Hall contacted the

Tulsa Police Department, and Officer Dan Hicks wrote the report on the television set and in giving the description of the set, included the fact that Mr. Hall's name was scratched on it. Mr. Hall was not acquainted with the defendant, and had never given him permission to use the television set.

On January 19, 1976, Officer Lyle William Wells, Jr., and Officer David Warren Winter responded to a disturbance call at 10:45 p. m., and went to an apartment complex on South Lewis Avenue. The officers were met by a security guard and were directed to an apartment where sounds of an argument could be heard. The officers knocked at the door and a woman identified as Ms. Brown motioned them to come inside. A man, identified as the defendant, was also present in the apartment. After talking to the two occupants it was decided that Ms. Brown would not file charges against the defendant, but the defendant was to gather his belongings and leave the apartment. As defendant began to gather his belongings, the officers noticed a television set in the living room, and asked the defendant if it belonged to him. Defendant replied that it did. When Officer Wells went over to look at the set he noticed the name "Roy Hall" scratched on the set and noticed that the serial number had been removed. The officers then left the apartment and went to the patrol unit to run a check on the television set. They were informed that the set was stolen, whereupon they returned to the apartment. The officers knocked on the door, were again admitted, and placed the defendant under arrest, informing him of his rights. The officers also confiscated 14 pieces of electrical equipment, including stereos, amplifiers and several television sets, many of which had no serial numbers.

The defendant called Officer Winter, who essentially corroborated Officer Wells' testimony. The officer stated that when they returned to the apartment the television set in question had not been removed, but the defendant had stacked most of his personal articles near the door in preparation to leave.

The defendant testified in his own behalf and stated that he did not live in the apartment, but only stayed there occasionally. He testified that the stolen television was not his, and that he had not indicated to the officers that it was. He further stated that he did not know where the set had come from. Defendant testified that he had never been convicted of any type of crime.

■ Defendant contends in his first assignment of error that the trial court committed reversible error in overruling defendant's motion to suppress the evidence. This Court agrees that defendant has standing to challenge an illegal search, if he is a person aggrieved by such a search. See, *Wing v. State,* Okl.Cr., 490 P.2d 1376 (1971). However, in the instant case there was no illegal search.

The officers were summoned to the apartment pursuant to a disturbance call. Upon arriving they were voluntarily motioned inside by a resident of the apartment. The officers' attention was drawn to the television set while defendant was gathering his belongings, as the set was in the middle of the living room. Defendant told the officers that the set was his, and a brief glance at the set revealed a unique characteristic, the name "Roy Hall" scratched on top. The officers did not search to find the television, because it was in plain view. See, *Ray v. State,* Okl.Cr., 510 P.2d 1395 (1973). This Court has often held that evidence discovered by an officer in plain view, in a place where he has a legal right to be, is admissible to support a charge where such evidence would be involved. See, *Farnsworth v. State,* Okl.Cr., 343 P.2d 744 (1959), and *Bell v. State,* Okl.Cr., 512 P.2d 222 (1973). The officers, once learning that the television set was stolen, returned to the apartment and were again voluntarily admitted. They immediately arrested the defendant and the television set was seized incident to arrest. Moreover, the officers knew that the defendant intended to leave the apartment, and they had to act quickly to prevent him from removing the television set. Therefore, we find defendant's first assignment of error to be without merit.

■ The defendant raises as his final assignment of error that the trial court committed reversible error in overruling defendant's motion in limine. Defendant presented his motion seeking to exclude testimony by the officers concerning numerous television sets and stereo equipment with serial numbers removed, also confiscated from the apartment.

The general rule in Oklahoma concerning evidence of other crimes is found in *Songer v. State,* Okl.Cr., 464 P.2d 763 (1969), in Syllabus number two, as follows:

> "Testimony is not inadmissible as immaterial because it tends to indicate an offense for which the defendant is not on trial if such evidence tends to establish (1) motive, (2) intent, (3) absence of mistake or accident, (4) common schemes or plan embracing commission of two or more crimes so related to each other that proof of one tends to establish the other and (5) identity of a person charged with commission of crime on trial."

We find that the testimony in the instant case was admissible under these standards. The testimony of the officers indicated that the television set claimed by the defendant, with Mr. Hall's name scratched on it and the serial number removed, was closely situated to some 14 other pieces of equipment also with the serial numbers removed. This testimony tends to show defendant's intent to conceal the property, and tends to show absence of mistake on the part of the defendant in the possession of the stolen television set. Therefore, we find this testimony was relevant to the case, and the trial court committed no error in overruling defendant's motion.

For the reasons stated above the judgment and sentence appealed from should be, and the same is, hereby, *AFFIRMED.*