Kenneth Eugene DICK, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–155.

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1979.

Rehearing Denied July 16, 1979.

Robert B. Smith, Bloodworth, Smith & Biscone, Oklahoma City, and Robert L. Pendarvis, Luttrell, Pendarvis & Rawlinson, Norman, for appellant.

Larry Derryberry, Atty. Gen., Julia T. Brown, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge:

Appellant, Kenneth Eugene Dick, hereinafter referred to as defendant, was charged, tried to a jury, and convicted in the District Court, Cleveland County, Case No. CRF–75–650, of the offense of Unauthorized Use of a Vehicle, in violation of 47 O.S.1971, § 4–102. Punishment was fixed at four (4) years in the State penitentiary and a fine of Four Thousand ($4,000.00) Dollars. From said judgment and sentence defendant has perfected a timely appeal to this Court.

Prior to trial, the defendant presented motions to suppress evidence and to quash search warrants issued on December 6, 8 and 11, 1975. The trial court sustained the motion to suppress evidence related to items in the glove compartment when the defendant was arrested, and sustained the motion to quash the three search warrants issued.

Testimony indicates that in September of 1975, Hudiburg Chevrolet reported to the Midwest City Police Department that a 1975 Monte Carlo had been stolen. Sergeant William Rollins, of the Norman Police Department, testified that he had been investigating an irregularity regarding a safety inspection sticker on a 1975 Monte Carlo and had received a National Crime Information Center (NCIC) computer response that the vehicle was stolen. Rollins passed this information on to Officers Walsh, Stinger and Bryant, who were to continue the investigation.

Officer Bryant testified that on the evening of December 5, 1975, during a stakeout of the defendant's residence, he observed the defendant come out of his house, enter a 1975 Monte Carlo and drive toward Norman. Sergeant Jack Stinger testified that on the same evening he followed a silver Monte Carlo and took down the tag number of CN–6912, which he radioed to the Norman police dispatcher and a Lieutenant Neal.

Officer John Walsh, of the Norman Police Department, testified that he observed the defendant get out of a silver Monte Carlo in front of police headquarters at about 11:45 p. m. on December 5, 1975. As he had received information on this vehicle some seven to eight weeks earlier from Officer Rollins, he went out to the car and checked the license plate (CN–6912), the safety inspection sticker (1264972), and the VIN plate on the dash (1H57U5R438667). The witness noticed that the VIN plates bore brush marks, which was unusual for a factory installed plate. After sending these numbers to the NCIC computer and receiving the name of the record owner, Joseph P. Hoffler of El Reno, Oklahoma, the witness directed a clerk to call Mr. Hoffler. Upon determining that the safety inspection sticker number did not match the VIN plate or the license number, the witness directed Lieutenant Neal to arrest the defendant. Approximately two to three days later, after the vehicle was impounded and the defendant arrested, the witness checked the confidential VIN plate on the frame of the car and found it did not match the VIN plate on the dash. From these facts, Officer Walsh determined that the VIN plate on the dash had been altered.

Following the defendant's motion for a directed verdict of not guilty, which was overruled, the defense rested its case without presenting any evidence.

The defendant's first assignment of error urges that the trial court erred in its failure to suppress evidence obtained from the illegal search of his car and that his subsequent arrest was improper as it was based on an unlawful search. To supplement this assignment of error, the defendant urges

specific errors made by the trial court in the reception of evidence.

The defendant asserts that the entry into his car was illegal and that any testimony relating to brush marks on the VIN plate on the dash of the car or any documents seized from the glove compartment should have been suppressed. As noted earlier, the trial court properly granted the defendant's motions to suppress the evidence seized from the glove compartment and to quash the three search warrants, as being the fruit of an illegal search. However, because this is not all of the evidence in the case, this Court must look at the total record to reach a decision on the testimony relating to the brush marks.

■ Based on information collected over several months from several sources, Officer Walsh approached the 1975 Monte Carlo, which he saw the defendant park in front of police headquarters, on December 5, 1975. The officer stood on a public street, where he had a right to be, and observed the numbers on the license tag, the VIN plate on the dash, and the safety inspection sticker. He also observed brush marks on the VIN plate on the dash. Illuminated by his flashlight, the items he observed were in plain view from beside the car where the officer stood. It has been our position, and we now so hold, that this is not a search. *Baledge v. State*, Okl.Cr., 554 P.2d 1388 (1976); *Reynolds v. State*, Okl.Cr., 511 P.2d 1145 (1973); *Woodlee v. State*, Okl.Cr., 505 P.2d 1366 (1973). This Court recognizes the rule of law that an officer, lawfully in a place, may, without obtaining a search warrant, seize from a motor vehicle any item which he observes in plain view, if he has probable cause to believe that the item is contraband, a weapon, anything used in committing a crime, or other evidence of a crime. *State v. Baxter*, Okl.Cr., 528 P.2d 347 (1974). The evidence gained is admissible, as the numbers and brush marks on the VIN plate fall within the purview of "anything used in committing a crime, or other evidence of a crime."

The defendant also urges under this assignment of error that the testimony by Officer Walsh, regarding the NCIC and National Auto Theft Bureau checks, a photograph of the car and the serial number taken from the car frame should have been suppressed as the fruit of an illegal search. As noted earlier, the numbers checked were not gained as a result of a search at all, but by the permissible observations, by a police officer, of items in plain view. Therefore, this evidence was admissible.

■ The defendant also asserts that his subsequent arrest was illegal in that it was based on the fruit of an illegal search. Although the evidence was not obtained from a search, we must look to the circumstances of the case at bar in order to determine if the arrest was proper. Title 22 O.S.1971, § 196, provides that an officer may make a warrantless arrest for a felony not committed in his presence, when the officer "has reasonable cause for believing the person arrested to have committed it." See, *Embree v. State*, Okl.Cr., 488 P.2d 588 (1971). In determining whether there is probable cause to make a warrantless arrest, the test to be applied is:

"[W]hether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense. . . ." (Citations omitted)

*Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). One does not have probable cause unless he has information or facts which, if submitted to a magistrate, would require issuance of an arrest warrant. Mere suspicion is not enough. *Mallory v. United States*, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957).

■ Applying this standard to the facts of the case at bar, this Court is of the

opinion that the facts concerning the discrepancies in the numbers on the vehicle, coupled with facts gained through previous investigation of the defendant, were sufficient to satisfy the probable cause standard. These discrepancies, added to the facts learned by the officer when he telephoned the record owner of the vehicle which had been assigned the safety inspection number taken from the 1975 Monte Carlo in question justified, if not compelled, the arrest of the defendant.

■ In the defendant's second assignment of error, he asserts that the jury's verdict was improperly based upon hearsay evidence, inflammatory and irrelevant matters, and information provided by persons whom he was not permitted to confront in open court. Under this assignment of error, the defendant cites seven specific errors made by the trial court. However, only two of these alleged errors are supported by relevant authority. Rule 1.7, ¶ C, of the Court of Criminal Appeals, 22 O.S.Supp. 1977, ch. 18, App., provides that both parties on appeal must provide authority relied upon in support of each point raised. Therefore, pursuant to this Court's practice of refusing to search for authority to clothe the defendant's naked assertions of error, we will discuss only two of the asserted errors. See, *Harman v. State*, Okl.Cr., 556 P.2d 1326 (1976).

■ The defendant argues that Officer Walsh's testimony, appearing at page 201 of the trial transcript, relating to his prearrest investigation procedures, should have been suppressed. At that page of the transcript, the following is found:

"Q. What else did you do?

"A. When I received the registration check on the tag and the serial number, I had one of the Clerks from the Police Department contact the owner of that registration.

"Q. Who did you ask the Clerk to call?

\* \* \* \* \* \*

"Q. [By Mr. Rogers] Who did you ask the Clerk to call?

"A. It was a Joseph P. Hoffler in El Reno, Oklahoma."

The defendant alleges, citing *Rousek v. State*, 93 Okl.Cr. 366, 228 P.2d 668, 671 (1951), that we are dealing with a statement made by a third person out of the presence of the accused and, accordingly, hearsay. This Court cannot view this testimony as hearsay because it is not "testimony of statements made by a third person." Rather, it is testimony relating to what the officer said and did prior to the arrest of the defendant. The admission of this type of evidence rests in the sound discretion of the trial court and will not be reversed on appeal absent an abuse thereof. There was no such abuse in this case.

■ The second proposition supported by authority, was that the trial court erred in allowing the introduction of testimony concerning information obtained as a result of a tip from an unidentified informant.

The defendant first contends that he was deprived of an opportunity to confront and cross-examine a witness against him. The United States Supreme Court has held that the contention that one is unconstitutionally deprived of the right to confront a witness against him because the State did not produce an informant to testify against him is absolutely devoid of merit. *Cooper v. California*, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967).

Secondly, the defendant argues that no evidence was introduced to show the reliability of the informant. This argument is without merit as we are dealing with testimony of a witness on the witness stand founded primarily on independent police investigation.

For the above and foregoing reasons the judgment and sentence appealed from is AFFIRMED.

CORNISH, P. J., concurs.

BUSSEY, J., concurs in results.