Mark Edward **COLE**, Petitioner,

v.

The Honorable Jack R. **PARR**, Judge of the District Court of Oklahoma County, State of Oklahoma, Respondent.

No. P–79–238.

Court of Criminal Appeals of Oklahoma.

June 5, 1979.

D. C. Thomas, Oklahoma City, for petitioner.

Andrew M. Coats, Dist. Atty., Ted A. Richardson, Asst. Dist. Atty., Oklahoma County, for respondent.

## OPINION

CORNISH, Presiding Judge:

Mark Edward Cole petitioned this Court on April 24, 1979, to issue a Writ of Prohibition against the respondent, the Honorable Jack R. Parr, Judge of the District Court of Oklahoma County, to enjoin him from enforcing his order of April 19, 1979, wherein he sustained a motion by the State to compel the defendant to submit to specific tests.[1] The petitioner has been charged with Rape in the First Degree and Assault and Battery With a Dangerous Weapon. Respondent ordered samples of blood, saliva, seminal fluid and hair from the petition-

---

1. The motion filed by the State and the trial judge's order are as follows:

> "*MOTION TO COMPEL DEFENDANT TO SUBMIT TO TESTS*
>
> "Comes now the State of Oklahoma by and through ANDREW M. COATS, District Attorney, District No. 7, Oklahoma County, Oklahoma and moves the Court to compel the Defendant in the above styled cause to submit to the removal of certain samples from his body to-wit: A blood test whereby reasonable samples of blood be taken from the body of the Defendant by a qualified phlebotomist; saliva sample whereby a reasonable sample of the Defendant's saliva be taken from the body of the Defendant; hair samples whereby reasonable samples of the Defendant's hair be taken in a reasonable manner from the head, chest, arms, legs and pubic areas of the above named Defendant; and a seminal fluid sample whereby a reasonable sample of seminal fluid be removed from the body of said Defendant by a qualified physician.
>
> "The State hereby submits to this Court that the above named Defendant is charged in Oklahoma County with the crimes of Rape in the First Degree (CRF–79–1347) and Assault & Battery With Dangerous Weapon (CRF–79–1346) and that pursuant to a search war-

er for testing by the State Crime Laboratory. The State contended in its motion that "certain items of evidence," i. e., hair, blood, and stains of an unknown nature, had been taken from the prosecutrix and an automobile, and that they were being held and examined by the OSBI.

The decisive issue in this case is whether an examination and analysis of the defendant's specimens would be of probative value in the prosecution of this defendant. At the hearing in the District Court, the State failed to demonstrate that the samples taken from the scene of the crime and the body of the victim were viable testing samples; that the blood, hair, semen and saliva were, in fact, human in origin; that the blood, hair and saliva were not from the victim's body; or that any rational connection joined the samples within the possession of the State and the specimens sought of the defendant.

The State has alleged that the requested items are essential to complete the examination, comparison and technical investigation already in process on the recovered items. Further, the State draws our attention to the fact that there will be an absence of offensive procedures in extracting specimens from the defendant. See *Rochin v. California,* 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952).

■ In the language of the United States Supreme Court, the "overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State." This mandates a protection against those intrusions not justified in the circumstances nor made in a proper manner. *Schmerber v. State of California,* 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). This Court has held that due process requires a showing that handwriting characteristics of an accused are relevant, even though the State need not make a preliminary showing of probable cause since a handwriting exemplar is not a search and seizure within the contemplation of the Fourth Amendment and Art. II, § 30, of the Oklahoma Constitution, *State v. Thomason,* Okl.Cr., 538 P.2d 1080 (1975).

The common theme of these opinions is apparent from the use of language such as "warranted," "justified," and "relevant." Despite the State's assertion of necessity, we hold that it is not only unnecessary, but it is improper procedure to require an accused to provide physical samples for testing by the State prior to the State's testing of specimens from the body of the victim and the scene of the crime. The State argues that this is a question of whether these items can be taken in a reasonable manner from the body of the defendant.

rant issued by the Honorable Raymond Naifeh, certain items of evidence were taken from the automobile of a juvenile accomplice, [R. A. A]. Further, that certain items of evidence were taken from the body of the victim of the alleged crimes. All of the evidence is presently being examined by the State Chemist at the Oklahoma State Bureau of Investigation.

"The State submits to this Court that the above-mentioned tests and samples are essential to the continued investigation of the alleged crimes so that the State Chemist may make comparisons between that evidence now in their custody and those samples which the State now seeks through this Motion.

"ANDREW M. COATS, DISTRICT ATTORNEY

"BY: [s/Ted A. Richardson]

"TED A. RICHARDSON

"Assistant District Attorney"

"*ORDER*

"NOW on this 19th day of April, 1979, the above styled and numbered causes came on for hearing on the State's Motion to Compel Defendant to Submit to Tests.

"The Court, having heard argument of counsel[,] examined the files herein, and being well and fully advised finds as follows, that the prohibition refers to testimonial evidence and not evidence of voice prints or handwriting exemplars or fingerprints or blood, saliva, hair or seminal fluid.

"THEREFORE, IT IS ORDERED ADJUDGED AND DECREED by the Court that the Motion to Compel Defendant to Submit to Tests is sustained, with exceptions to the defendant, and it is further ordered that said tests are to be performed by a qualified doctor.

"[Jack R. Parr]

"JUDGE OF THE DISTRICT COURT"

However, we see the issue as being whether the State has presented sufficient evidence of the probative value of such tests in the prosecution of the case. If the State can show the probative value of the requested tests at an evidentiary hearing, then the defendant may be subject to submitting to the extractions in a reasonable manner, of similar samples from his own body.

IT IS THEREFORE THE ORDER of this Court that the Petition for Writ of Prohibition should be and the same hereby is GRANTED. This matter is REMANDED to the District Court for proceedings consistent with this opinion.

BRETT and BUSSEY, JJ., concur.