COMMONWEALTH OF THE NORTHERN ) CRIMINAL CASE NO. 88-198F
MARIANA ISLANDS, )
 )
 Plaintiff, )
 )
 vs. ) ORDER
 )
ROGER C. TAITANO, )
 )
 Defendant. )
_____)

Defendant has been charged with, among other things, aggravated rape in connection with an alleged rape and burglary which occurred on October 15, 1988 in San Vicente, Saipan. Defendant was arraigned on December 5, 1988 and entered a plea of not guilty to all counts charged. A preliminary hearing in this matter has been set for December 19, 1988.

The Government now moves for an order that blood, hair and saliva samples be taken from the defendant for purposes of serological testing. This motion is based upon the affidavit of Assistant Attorney General Raymond Buso which states that:

6. Police investigation have secured a piece of evidence which based upon the investigators observations and the statements of the victim is believed to be the seminal fluid of the assailant.

**605**

7. Blood saliva, pubic and head hairs were obtained from the victim for purposes of obtaining comparison testing with the samples of the assailant.

Defendant has opposed the Government's motion contending that such a motion is premature and the facts supporting the motion do not show a clear indication that the evidence sought will in fact be found.

The overriding function of the Fourth Amendment is to protect personal privacy and dignity against unwarranted intrusion by the State. This mandates a protection against those intrusions not justified in the circumstances nor made in a proper manner. Schmerber v. California, 384 U.S. 757, 767, 86 S.Ct. at 1826, 1834, 1834, 16 L.Ed.2d 908 (1966). In order for a search to be made involving intrusions beyond the body's surface there must be a clear indication that in fact the evidence sought will be found as the Fourth Amendment forbids any such intrusion on the mere chance that desired evidence might be obtained. Id. at 770, 86 S.Ct. at 1835.

The Court must engage in a balancing test in order to determine whether the Government's request for tissue samples is a valid request respecting defendant's constitutional rights. The trial judge must balance whatever probative value the evidence may have in the case against the defendant's constitutionally protected expectation of privacy and dignity. Elix v. State, 743 P.2d 669, 673 (Okl. Cr. 1987). A proper showing of probative value and medical justification for blood and saliva testing can be made through a preliminary hearing which successfully establishes probable cause to believe that

defendant committed the crimes he is charged with. DeVooght v. State, 722 P.2d 705, 713 (Okl. Cr. 1986). Upon the establishment of probable cause that defendant committed the crime, the Government does not violate his constitutional rights by obtaining a warrant to compel defendant to supply hair, saliva and blood samples. Pyle v. State, 645 P.2d 1390, 1391 (Okl. Cr. 1982).

 In this case, no preliminary hearing has been held regarding probable cause to believe defendant committed the crimes he has been charged with. Thus, it is the opinion of the court that the Government's motion is premature. Should probable cause be established at preliminary hearing the Government may wish to request a search warrant for a search of defendant's body to include the taking of hair, blood and saliva samples. Any affidavit in support of such a search warrant must provide the magistrate with probable cause to believe that the evidence requested to be seized would be probative in the prosecution of the case. Pyle v. State, supra, 645 P.2d at 1391.

Based on the foregoing, the Government's motion to compel the extraction of blood, hair and saliva samples is hereby denied.

Dated at Saipan, MP, this 13th day of December, 1988.

Robert A. Hefner, Chief Judge